DAVID BRADT et al., Respondents, *v.* JOHN KRANK et al., Appellants.

<div style="float:right; border:1px solid;">

| 164 | 515 |
|-----|-----|
| 75 AD 192 | |

| 164 | 515 |
|-----|-----|
| h 77 AD 335 | |

</div>

CONTRACT — WRITTEN AGREEMENT TO PAY DEBT OF THIRD PARTY, NOT A PROMISSORY NOTE. An instrument in writing, by which one promises to pay another a certain sum due from a third party on or before a day named therein, is not a promissory note importing a consideration, and in order to sustain a judgment based thereon a consideration must exist and be proved.

*Bradt* v. *Krank,* 35 App. Div. 623, reversed.

(Argued October 12, 1900; decided November 20, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 17, 1898, affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*R. J. Cooper* and *Frank Cooper* for appellants. The defendants' promise was not to pay their own debt, nor a promise made upon any consideration moving to them and beneficial to them; but it was a promise to pay the precedent debt of third parties, and it was void under the Statute of Frauds, if oral, and equally void, though in writing, unless the writing be sufficient to satisfy the statute. (*White* v. *Rintoul,* 108 N. Y. 223; *Strough* v. *Brown,* 38 Hun, 307; Browne on Stat. of Frauds, § 214; *Dillaby* v. *Wilcox,* 60 Conn. 71; *F. N. Bank* v. *Chal-*

*mers*, 144 N. Y. 434; *Meyer* v. *Beach*, 14 Hun, 231; *Belknap* v. *Bender*, 75 N. Y. 446; *Ackley* v. *Parmenter*, 98 N. Y. 433; *White* v. *Rintoul*, 108 N. Y. 223; *Berry* v. *Brown*, 107 N. Y. 659.) Consideration is essential to support a promise or agreement to pay a debt previously incurred by third parties, and unless such consideration is acknowledged by the contract itself, or admitted by the answer, it is necessary to prove it in order to recover thereon. (*Schworm* v. *Goodrich*, 29 Misc. Rep. 721; *National Bank* v. *Kauffman*, 93 N. Y. 273; *Barney* v. *Forbes*, 118 N. Y. 580; *Farnsworth* v. *Clark*, 44 Barb. 601; *Hall* v. *Farmer*, 2 N. Y. 557; *Chaffee* v. *Thomas*, 7 Cow. 358; 1 Pars. on Cont. 391; *Ward* v. *Hasbrouck*, 44 App. Div. 34.) The writing subscribed by the defendants is not and was not at the time of the trial of this case, April 8, 1898, a promissory note. (L. 1897, ch. 612, § 50; *Prest.*, etc., v. *Hurtin*, 9 Johns. 217; *Kimball* v. *Huntington*, 10 Wend. 675; *Paine* v. *Noelke*, 53 How. Pr. 273; *Carnwright* v. *Gray*, 127 N. Y. 92; *Southwick* v. *Southwick*, 49 N. Y. 510; *Matter of Davis*, 149 N. Y. 539, 545; *Potter* v. *Ogden*, 136 N. Y. 384, 390; *Hickox* v. *Tallman*, 38 Barb. 608; *Stokes* v. *People*, 53 N. Y. 164.) The pretended agreement in writing, subscribed by the defendants, introduced in evidence by the plaintiffs, is a promise to pay a pre-existing debt of third parties, with no consideration expressed in, or inferable therefrom, and was in fact neither an agreement nor a note or memorandum of any agreement, such as the law sustains as a legal obligation; nor does it correspond in essentials with the agreement the complaint alleges was made. Unless the whole agreement is in writing, and corresponds exactly with the contract set out in the complaint, there is no foundation for this action. (*Wright* v. *Weeks*, 25 N. Y. 159; *Newbury* v. *Wall*, 65 N. Y. 484; *Stone* v. *Browning*, 68 N. Y. 604; *Drake* v. *Seaman*, 97 N. Y. 230; *Haines* v. *Smither*, 48 N. Y. S. R. 145; *Martin* v. *French*, 43 N. Y. S. R. 538; *Clark* v. *Hampton*, 1 Hun, 612; *Newcomb* v. *Clark*, 1 Den. 226; *Cameron* v. *Tompkins*, 72 Hun, 113; *Wood* v. *Wheelock*, 25 Barb. 625.)

*John A. Delehanty* for respondents. The instrument upon which this action is founded is a promissory note, and, therefore, imports a consideration. (L. 1897, ch. 612; 1 Rand. on Com. Paper, § 7; 2 Black. Comm. 467; 3 Kent's Comm. 74; Byles on Bills, 5; 1 Daniel on Neg. Inst. 36; Story on Prom. Notes [7th ed.], 2; *Barney* v. *Worthington*, 37 N. Y. 112; *U. C. Bank* v. *McFarlan*, 5 Hill, 432; *Bank of Michigan* v. *Ely*, 17 Wend. 510; *Kimball* v. *Huntington*, 10 Wend. 675; *Hegeman* v. *Moon*, 131 N. Y. 467; *Turnpike Co.* v. *Hurtin*, 9 Johns. 218; *Mott* v. *H. Nat. Bank*, 22 Hun, 354; *Arnold* v. *R. R. V. U. R. R. Co.*, 5 Duer, 207; *Mott* v. *H. Nat. Bank*, 22 Hun, 354; *Hodges* v. *Shuler*, 22 N. Y. 114; *Frank* v. *Wessels*, 64 N. Y. 155.) The rule that a non-negotiable promissory note, as well as one negotiable, imported a consideration was not changed, modified or in any manner affected by the enactment of the Negotiable Instruments Law. (*Goodwin* v. *Robarts*, L. R. [10 Exch.] 337; *Carnwright* v. *Gray*, 127 N. Y. 92.) The agreement upon which plaintiffs seek to recover is not a collateral agreement to answer for the debt of another, but an original undertaking on the part of the defendants to pay the money specified therein, founded on a valuable consideration, moving to the defendants, and, therefore, not within the Statute of Frauds. (*T. N. Bank* v. *Parker*, 130 N. Y. 420; *Flagler* v. *Lipman*, 2 Misc. Rep. 417; *Honsinger* v. *Mulford*, 90 Hun, 599; *Meltzer* v. *Doll*, 91 N. Y. 365; *Pratt* v. *Coman*, 37 N. Y. 440; *M. & F. Bank* v. *Wixson*, 42 N. Y. 438; *P. C. Co.* v. *Blake*, 85 N. Y. 226; *Hamer* v. *Sidway*, 124 N. Y. 539; Pars. on Cont. 444; *Farley* v. *Cleveland*, 4 Cow. 432; *Slingerland* v. *Morse*, 7 Johns. 463.)

BARTLETT, J. The cause of action alleged in the complaint is this, in substance : That the plaintiffs were copartners, doing business in Albany, and certain persons, not parties to this action, were partners in trade at Schenectady, under the firm name of Church & Jones; that Church & Jones were indebted to plaintiffs in the sum of $265.50 for

goods sold and delivered; that plaintiffs sued the claim and were entitled to enter judgment; that defendants, for the purpose of inducing them to withdraw the suit and extend time of payment, made and subscribed a memorandum in writing, whereby they promised and agreed to pay said indebtedness by a day named; that plaintiffs did, in pursuance of the agreement, discontinue suit and extend the time of payment until a day named and duly performed the agreement on their part; that payment was demanded and refused.

The answer denied, on information and belief, the following: The indebtedness of Church & Jones to plaintiffs as alleged; the pending suit and the right to enter judgment; the averment that in conformity with the written memorandum the plaintiffs discontinued action and extended time of payment. It is claimed by plaintiffs that the fifth subdivision of the complaint is not denied, which alleges the execution of the memorandum in writing to induce discontinuance of suit and extension of time to pay the indebtedness.

This claimed omission of the answer seems to be well founded, but the admission, standing by itself and taken in connection with the denial of the other material allegations of the complaint, is of no importance.

With the issues thus framed the plaintiffs' counsel produced at the trial the memorandum in writing referred to, but not set forth in the complaint, and which reads as follows:

        "SCHENECTADY, N. Y., *Aug.* 11, 1897.

"We, the undersigned, John Krank and John L. Mynderse, hereby agree to pay David Bradt, Becker & Co. a bill of two hundred and sixty-five dollars and fifty cents ($265.50) against Church & Jones between now and Tuesday next.

       "(Signed)        JOHN KRANK,
                   "JOHN L. MYNDERSE."

The plaintiffs' counsel, ignoring the complaint, assumed this written instrument to be a promissory note importing a consideration and rested his case after proving the following facts: The partnership of the plaintiffs; that the defendants resided in Schenectady; the signatures of the defendants to the writing

produced ; amount of interest due, demand of payment and putting the written memorandum in evidence.

The defendants offered no evidence, but moved for a nonsuit on the following grounds : " That the evidence shows that the alleged promise on the part of the defendants was to pay the debt of a third party ; that the written memorandum in evidence is insufficient under the Statute of Frauds; that it is not either an agreement or a memorandum of agreement ; that it is without consideration so far as it appears on the instrument itself ; that it is simply a naked promise which is void in law ; that it contains nothing to show what the plaintiffs were to do, if anything, on their part of the contract ; in other words, that it is a one-sided contract."

This motion was denied, and the defendants excepted.

Both counsel moved for a directed verdict. The trial judge stated that on the authority of *Hegeman* v. *Moon* (131 N. Y. 463) he denied the defendants' motion and granted that of the plaintiffs. The defendants' counsel excepted to both rulings.

It is urged on behalf of defendants that the plaintiffs made no attempt to prove the cause of action set forth in the complaint ; that they sued upon a conditional promise of defendants to pay the debt of Church & Jones, and sought by their proofs to change the action into a suit on a promissory note, and that a judgment entered under such a state of the record cannot be sustained on appeal. This objection, if taken at the trial, would be fatal to a recovery. (*Southwick* v. *First National Bank of Memphis*, 84 N. Y. 420 ; *Truesdell* v. *Sarles*, 104 N. Y. 167 ; *Romeyn* v. *Sickles*, 108 N. Y. 650.)

No judgment can be given on grounds not stated in the complaint ; the judgment shall be " *secundum allegata et probata.*" No such objection, however, was taken at the trial. It is now argued that the point was raised on the motion to nonsuit, but the record does not sustain this contention.

We will first consider the question whether the instrument in writing, not set forth in the complaint but proved at the trial, is a promissory note.

The trial judge felt constrained by the case of *Hegeman* v. *Moon* (131 N. Y. 462) to hold that it was. The written instrument under construction in that case reads in its material parts, as follows, viz. :

"One year after my death I hereby direct my executors to pay to Joseph Hegeman * * * the sum of * * * being the balance due him for cash advanced at various times by him to Adrian Hegeman, my son, and others, as per statement rendered by him this day, without interest.

<div align="center">"CORNELIA W. HEGEMAN."</div>

Joseph Hegeman sued the executors of Cornelia W. Hegeman on this instrument.

It was held by this court that the statement in the written instrument that a certain amount was due plaintiff carried with it the implication that it was due from the maker; that the acknowledgment of the indebtedness and that it is due implies a promise to pay it on demand in absence of other directions.

It was further decided that this writing was a promissory note, imported a consideration and was valid notwithstanding it was payable after the death of the maker.

No point raised in *Hegeman* v. *Moon* is presented in the case at bar save the general contention that the written instrument is a promissory note.

We are also cited to *Carnwright* v. *Gray* (127 N. Y. 92) as a case in point. The Second Division, with a divided court, held the following instrument to be a promissory note:

"Thirty days after death I promise to pay to Cornelius Carnwright fifteen hundred dollars, with interest."

This decision has no bearing on the case we are considering. The written instrument before us needs no construction, as the language employed is clear; the defendants promise the plaintiffs to pay a debt due them from Church & Jones on or before a day named.

The trial judge erred when he held this writing to be a promissory note, importing a consideration. No consideration

was proved for the written instrument, and a judgment based thereon cannot be sustained. The plaintiffs should have proved the cause of action alleged in their complaint, the allegations of which were denied.

If they had proved the indebtedness of Church & Jones to them, their action on the claim and the right to enter judgment, and that in pursuance of an agreement made with defendants they discontinued the action and extended the time of payment, they would have been in a position to have claimed that the consideration moving between them and the debtors was sufficient to sustain the written promise of defendants as a special promise to answer for the debt, default or miscarriage of another person under the Statute of Frauds.

While it is true that since that statute was amended in 1863, the agreement, or the note or memorandum thereof, need not express the consideration (2 R. S. 135, § 2, as amended 2 R. S. [Banks' 9th ed.] p. 1886), yet the consideration must exist and be proved before recovery.

The point whether this written instrument, aside from the question of consideration, is in its terms a sufficient compliance with the Statute of Frauds, requiring the agreement to answer for the debt of another to be in writing and subscribed by the party to be charged therewith, is not now presented and we do not pass upon it. It is doubtless true, as suggested by counsel for appellants, that the written instrument does not contain the terms of the contract as set forth in the complaint, but as the case was tried upon a wrong theory which ignored the complaint, the question of the sufficiency of the writing under the Statute of Frauds must await a proper trial of the issues as framed.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

Parker, Ch. J., O'Brien, Haight and Vann, JJ., concur; Martin and Landon, JJ., not sitting.

Judgment reversed, etc.