(57 App. Div. 37.)

TUTHILL et al. v. MYRUS et al.

(Supreme Court, Appellate Division, Second Department. January 11, 1901.)

FRAUDULENT CONVEYANCES—COMPLAINT—FINDINGS.

Where a complaint alleged that a defendant, being a judgment debtor of plaintiffs, subsequent to the creation of the indebtedness conveyed certain property to her daughter in order to place it beyond creditors, and the court found that the conveyance was intended as a mortgage to secure advances from the daughter, but found that the defendants were claiming the conveyance to have been absolute, which was intended to defraud plaintiffs, no such fraud having been alleged in the complaint, a judgment in favor of plaintiffs was erroneous.

Appeal from special term, Suffolk county.

Action by Ellsworth Tuthill and others against Caroline Myrus and others. From a judgment in favor of plaintiffs, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and JENKS, JJ.

William O. Miles, for appellants.
Timothy M. Griffing, for respondents.

WOODWARD, J. The plaintiffs in this action were general creditors of Mrs. Caroline Myrus and her husband on the 31st day of March, 1895, to the extent of $118. This claim was reduced to judgment on the 23d day of October, 1897, and an execution issued thereon has been returned unsatisfied. On the 20th day of December, 1895, according to the allegations of the complaint, and after this indebtedness had been incurred, the defendant Caroline Myrus, being seised and possessed of a certain piece or parcel of real estate described in the complaint, made and executed a deed of the said premises to her daughter Charlotte A. Myrus, which deed was duly recorded on the 24th day of December, 1895. The complaint further alleges that "in order to secure said property for her own use and benefit, and to protect it from said claim of the plaintiffs, and to prevent the plaintiffs from collecting their said debt, combining and confederating with the said defendant Charlotte A. Myrus, her

daughter, and contriving with her to defraud these plaintiffs, did by a deed," etc., "convey the premises to the said Charlotte A. Myrus." The prayer for relief is "that said deed be adjudged and declared fraudulent and void as to these plaintiffs, and that the same may be set aside and discharged of record," and that a receiver be appointed, to whom the defendants shall be directed to convey for the purpose of sale, etc. Upon the trial the learned court found all of the facts as alleged in the complaint, in so far as the original indebtedness was involved, with the subsequent judgment and return of the execution unsatisfied, together with the fact of the transfer to the defendant Charlotte A. Myrus; but held, as a matter of fact, "that said conveyance was not executed and accepted with intent to hinder, delay, and defraud the creditors of the said Caroline Myrus, but the said defendants now claim that such conveyance was intended to vest the absolute title to the premises in the defendant Charlotte A. Myrus, with intent to hinder, delay, and defraud the plaintiffs in the collection of said judgment." There is certainly nothing in the record to support the finding that the "defendants now claim that such conveyance was intended to vest the absolute title to the premises in the defendant Charlotte A. Myrus, with intent to hinder, delay, and defraud the plaintiffs in the collection of said judgment." The defendants, by their answers, denied all fraud; and the defendant Charlotte A. Myrus alleged as a separate defense "that the conveyance by the defendant Caroline Myrus to this defendant of the premises described in the complaint was made in good faith and for a valuable consideration, and that she is an innocent purchaser thereof for value." The learned court found as a matter of fact that Charlotte A. Myrus had advanced to her mother the sum of $600 towards the purchase of the premises, and that the conveyance, although absolute in form, was intended as a mortgage to secure this sum. It is fair to assume that the learned court intended to say that the claim of the defendants that the conveyance was absolute was intended "to hinder, delay, and defraud the plaintiffs in the collection of said judgment." However this may be, we are of opinion that under the pleadings the learned court erred in the disposition of this case; the questions being raised by the exception to the motion to dismiss the complaint, and by the exceptions to the findings of fact and conclusion of law. At the time this transfer was made the defendant Caroline Myrus was indebted to the defendant Charlotte A. Myrus in the sum of $600, at least. In the absence of fraudulent intention on her part, and of guilty knowledge on the part of Charlotte A. Myrus, she had a right to pay this debt by the transfer of the farm. The only right of the plaintiffs was to show that the transfer was fraudulent,—that it was made with an intent to hinder, delay, and defraud them of their just claims. The burden was upon them to establish this fact, without which they had no better standing than any other general creditor of Mrs. Myrus. The learned court, having found that the transfer was not "executed and accepted with intent to hinder, delay, and defraud the creditors of the said Caroline Myrus," was without jurisdiction to impute fraud to the defendants for claiming that the transfer was intended as an

absolute conveyance. No such claim was made by the plaintiffs. They alleged fraud in the transfer. If they have failed to establish this fact, which was essential to their cause of action, the court has no authority to find that the transfer is not exactly what it purports to be. The deed was made and delivered for a valuable consideration at a time when the plaintiffs were mere general creditors of Mrs. Myrus. It was placed on record within four days of its execution, and, if the transfer was not tainted with fraud, it cannot be disturbed for the benefit of third parties under a complaint which was not amended, and which set up an alleged fraud in the making and executing of the deed. This was the only available ground of relief, and the burden of proving it was on the plaintiffs. The judgment neither follows the plaintiffs' prayer nor the statement of their cause of action. It is, therefore, in violation of the well-established rule that no judgment can be given in favor of a plaintiff on grounds not stated in his complaint, nor relief granted for matters not charged, although they may be apparent from some part of the pleadings or evidence. Truesdell v. Sarles, 104 N. Y. 164, 167, 10 N. E. 139, and authorities there cited. Where the allegation of the complaint is unproved, not in some particular or particulars only, but in its entire scope and meaning, it is not a case of variance, but a failure of proof, and no judgment can be rendered in favor of the plaintiff upon the pleading as it stands. This is the statute rule, and was the rule of the courts before the statute. Reed v. McConnell, 133 N. Y. 425, 434, 31 N. E. 22. See, also, Martin v. Bank, 160 N. Y. 190, 198, 199, 54 N. E. 717.

The judgment appealed from should be reversed, with costs. All concur.