(62 App. Div. 514.)

### BECKER et al. v. KRANK et al.

(Supreme Court, Appellate Division, Third Department. June 28, 1901.)

1. STATUTE OF FRAUDS—DEBT OF ANOTHER—SUFFICIENCY OF MEMORANDUM.
    An instrument reciting that "the undersigned, K., hereby agrees to pay to B. a bill of $265.50 against C." within a certain time, is not a sufficient memorandum to comply with the statute of frauds, where the actual agreement, as shown by the evidence, was that defendants would pay the bill on condition that the plaintiffs would discontinue an action against C. therefor, and extend the time for its payment.

2. SAME—ORIGINAL OBLIGATION.
    Such instrument will not be enforced as a promise to pay an original debt of the defendants, where there is no evidence that any benefit passed to the defendants in consideration for their promise.

Appeal from trial term.

Action by De Witt C. Becker and another, as surviving members of the co-partnership firm of David Bradt, Becker & Co., against John Krank and another. From a judgment in favor of the plaintiffs, defendants appeal. Reversed.

The action is upon a written instrument, of which the following ·is a copy:

"Schenectady, N. Y., August 11, 1897.

"We, the undersigned, John Krank and John L. Mynderse, hereby agree to pay David Bradt, Becker & Co. a bill of two hundred and sixty-five dollars and fifty cents ($265.50) against Church & Jones between now and Tuesday next week.

"[Signed]              John Krank.
                    "John L. Mynderse."

The trial court directed a verdict for the plaintiffs, upon which judgment was entered, and from that judgment this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Frank Cooper and R. J. Cooper, for appellants.
John A. Delehanty and James J. Farren, for respondents.

PARKER, P. J. The court of appeals have held that the defendants are not liable upon the writing in question, as upon a note importing a consideration. Bradt v. Krank, 164 N. Y. 515, 58 N. E. 657. Upon the second trial, the plaintiffs, abandoning that claim, seek to hold them as upon a written promise to pay the sum specified, based upon a valuable consideration. To this the defendants make two answers: First, that no consideration for the promise has been shown; second, that the promise being clearly, and by its very terms, one to answer for the debt, default, or miscarriage of another, it must be in writing, under the statute of frauds, and that the writing in question is not sufficient under that statute to sustain the liability claimed against the defendants.

The defendants' first objection is not free from doubt; but it is not necessary to pass upon that question, for the reason that their second objection is a complete answer to the plaintiffs' right of recovery. The evidence as to the circumstances under which the writing was executed and delivered is so very meager that it is extremely difficult to tell precisely what they were; but one fact seems clearly to appear,—that the writing, if it was executed and delivered to the plaintiffs upon any consideration whatever, was executed and delivered upon their promise to withhold the entry of judgment against Church & Jones, discontinue the action then pending against them, and extend the time of payment of the debt then owing from them to the plaintiffs. The contract, then, between the plaintiffs and the defendants, was an executory one as to both parties. The plaintiffs were to discontinue pressing their claim against Church & Jones, and extend the time for its payment, and the defendants, on their part, were to pay the debt within a time specified. The writing in question expresses but a small part of that agreement, and also incorrectly expresses that part of the agreement which the defendants were to carry out. Thus, the writing expresses an absolute agreement on the defendants' part to pay that debt of Church & Jones on Tuesday of the next week, while the actual agreement clearly was to pay it on condition that the plaintiffs would discontinue the action and extend the time for its

payment. So the writing not only omits to express that part of the agreement which the plaintiffs assumed, but fails to express a very important part of the agreement which the defendants assumed. Therefore the agreement is not sufficient under the statute.

It is a well-settled rule in this state that the memorandum required by the statute "must contain all the substantial and material terms of the contract between the parties. It must show on its face what the whole agreement is, so far as the same is executory and remains to be performed and rests upon unfulfilled promise." Drake v. Seaman, 97 N. Y. 230, 234; Barney v. Forbes, 118 N. Y. 585, 23 N. E. 890. "The whole current of authority in this state is that the memorandum must contain substantially the whole agreement, and all its material terms and conditions, so that one reading it can understand from it what the agreement is." Mentz v. Newwitter, 122 N. Y. 497, 25 N. E. 1044, 11 L. R. A. 97.

The plaintiffs seek to avoid this difficulty by urging that the contract on their part was wholly executed when the defendants' written promise was given. But evidently this claim is not correct. The evidence of Becker shows that the writing in question had been signed by Krank and delivered to him before any act whatever was done towards discontinuing the action. It was in his possession and exhibited by him to the magistrate when he directed the discontinuance of the action. Very clearly, when he received it, his part of the agreement was still to be performed, and, if he had then refused to discontinue, he would have had in his possession a written agreement that apparently imposed upon the defendants an obligation they never assumed. When the writing was executed and delivered, the condition upon which the defendants were to make the payment therein promised was still unperformed by the plaintiffs, and was nowhere expressed in such writing. It was therefore, under the authorities above cited, insufficient to sustain the promise.

The plaintiffs further urge that the defendants' promise contained in the writing was not one to pay the debt of another, but to pay an original one of their own. The facts will not sustain this claim. So far as the evidence discloses, no advantage or benefit whatever passed to these defendants in consideration of their promise. The sole consideration was one running to Church & Jones to discontinue against them and extend the payment of their debt. No proof that such action was of any benefit whatever to the defendants is anywhere given. See White v. Rintoul, 108 N. Y. 222, 15 N. E. 318. No valid contract, therefore, was proven against the defendants, and for that reason the nonsuit should have been granted.

Judgment reversed, and new trial granted; costs to abide the event. All concur.