(75 App. Div. 191.)

### BECKER et al. v. KRANK et al.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. PLEADING AND PROOF—VARIANCE.

Where the complaint alleged that the consideration for the written promise by defendants to plaintiffs to pay the debt of C. was that plaintiffs would discontinue an action against C. therefor, testimony of C. that he had executed to defendants a chattel mortgage to secure this debt was inadmissible.

2. STATUTE OF FRAUDS—DEBT OF ANOTHER—ORIGINAL UNDERTAKING.

A chattel mortgage given to indemnify the mortgagees, who had promised in writing to pay the debt of the mortgagors, did not make such promise an original undertaking between the creditor and the mortgagees, so as to take it out of the statute of frauds.

Appeal from trial term.

Action by De Witt C. Becker and another, as surviving members of the firm of Bradt, Becker & Co., against John Krank and another. From a judgment for plaintiffs, defendants appeal. Reversed.

R. J. Cooper, for appellants.
John A. Delehanty, for respondents.

FURSMAN, J. The plaintiffs are the survivors of Bradt, Becker & Co. Bradt is dead. On the 11th of August, 1897, the defendants executed and delivered to Bradt, Becker & Co. a writing in these words:

"Schenectady, N. Y., Aug. 11th, 1897.

"We, the undersigned, John Krank and John L. Mynderse, hereby agree to pay David Bradt, Becker & Company a bill of two hundred and sixty-five dollars and fifty cents ($265.50) against Church & Jones between now and Tuesday, next week.

"[Signed]                                          John Krank.
                                                  "John L. Mynderse."

The action has been three times tried. On the first trial this paper was treated as a promissory note, and a verdict was directed for the plaintiffs. From the judgment entered thereon an appeal was taken to the appellate division of the Third department, where the judgment was affirmed by a divided court. 54 N. Y. Supp. 1096. On appeal to the court of appeals the judgment was reversed; that court holding that the paper was not a promissory note, and that the recovery was not in conformity with the complaint. That court, however, refused to decide whether the terms of the instrument were sufficient under the statute of frauds. Bradt v. Krank, 164 N. Y. 515, 58 N. E. 657, 79 Am. St. Rep. 662. On the second trial the case was presented on the theory that the paper was a written promise to pay, based upon a valuable consideration. The consideration proved was that plaintiffs had obtained a judgment against Church and Jones, and, in consideration of the giving of this instrument by the defendants, had agreed to withhold the entry thereof, and to discontinue that action. The trial court again directed a verdict for the plaintiffs, and from the judgment entered thereon an appeal was taken to this court, where the judgment was reversed. Becker v. Krank, 62 App. Div. 514, 71 N. Y. Supp. 78. That decision is placed upon the ground that the contract between the parties was executory; that the writing does not express the entire agreement, and for this reason is insufficient under the statute. On the third trial some new evidence was given, and the trial court again directed a verdict for the plaintiffs. From the judgment entered thereon, this appeal is taken. The respondents insist that this new evidence shows that the defendants had been indemnified by Church and Jones against their liability expressed in this writing, and that the promise contained in the writing is not, therefore, within the statute. The claim of the plaintiffs is that the new evidence establishes that Church and Jones gave to the defendant Mynderse a chattel mortgage, with the knowledge and consent of Krank, to secure the defendants, among other things, against the payment to the plaintiffs of their debt to them. The chattel mortgage ran to Mynderse only as mortgagee, and not to Mynderse and Krank, the defendants, and, on its face, was given to secure him "for moneys advanced" and "for goods sold and delivered." It appears that Church and Jones owed Mynderse about $800. Church, the new witness, testified, in substance, that the mortgage was to secure this debt, and for indorsements, and also that the claim of the plaintiffs was included in it. I think this evidence was not admissible under the complaint. The complaint sets out the paper given by defendants, and alleges that the consideration for it was an agreement by plaintiffs to withhold entry of the judgment they had obtained against Church and Jones, and to discontinue the action. The tenor of the complaint is that the defendants gave a written promise to pay the debt of Church and Jones to them, which was supported by the consideration stated. As alleged, this was a mere promise to answer for the debt of another, and, as the writing does not contain the whole agreement, the promise is void. There is no hint in the complaint that the defendants

had received anything from Church and Jones, either by a transfer of property, or by way of security or indemnity, so as to convert the writing, which on the face of the complaint is a collateral undertaking to answer for the debt of another, into a promise of defendants to pay their debt to Church and Jones by paying the debt of Church and Jones to the plaintiffs. It is a settled rule that recovery must be had, if at all, according to the allegations of the complaint. Day v. Town of New Lots, 107 N. Y. 148–154, 13 N. E. 915; Wright v. Delafield, 25 N. Y. 266. It was said by Judge Earl in Southwick v. Bank, 61 How. Prac. 170, that:

"Pleadings and a distinct issue are essential in every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action, and then recover upon another, his complaint will serve no useful purpose, but, rather, to ensnare and mislead his adversary."

See Romeyn v. Sickles, 108 N. Y. 650, 15 N. E. 698.

The evidence was objected to as inadmissible under the pleadings. I think the objection was well taken, and that the court erred in admitting it. But assuming that the evidence was admissible under the complaint, I do not think it sufficient to establish the writing as an original promise.. The cases relied on by the plaintiffs' counsel (Bank v. Chalmers, 144 N. Y. 432, 39 N. E. 331, and kindred cases cited upon the points) simply confirm the long-established rule that where a debtor transfers property to a third person in consideration of his agreement to assume and pay the debt, and he thereupon promises the creditor to pay, he makes the debt his own. No case is cited, nor have I been able to find any, holding that a mere security, by way of mortgage or otherwise, given to indemnify one who promises to pay the debt of another in case he does pay it, makes such promise an original undertaking between the creditor and promisor, so as to take the case out of the statute of frauds. And that is all that can be said of this chattel mortgage. It was at most a mere security by which the defendants could indemnify themselves in case they were compelled to pay, or did voluntarily pay, the debt of Church and Jones to the plaintiffs. The plaintiffs were not parties to the instrument, nor was it made for their benefit. Root v. Wright, 84 N. Y. 72, 38 Am. Rep. 495. If the defendants had paid the plaintiffs, they might have resorted to the mortgage for their indemnity; but having refused to pay, their liability is to the mortgagors only, and is purely personal. Cole v. Cole, 110 N. Y. 632, 17 N. E. 682. See, also, Roe v. Barker, 82 N. Y. 435.

The judgment must be reversed, and a new trial granted, with costs to the appellants to abide the event.

Judgment reversed on law and facts, and new trial granted, with costs to appellants to abide event. All concur; PARKER, P. J., in result.