(89 App. Div. 279.)

BELL v. PFADENHAUER et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. CONTRACTS—CONSIDERATION.

    A judgment debtor conveyed land to defendants and M. before the entry of the judgment. The creditor claimed that the judgment was a lien on the premises, which defendants and M. should pay, and there was a compromise fixing the amount of his judgment, half of which sum defendants paid; and they also agreed to pay the note of M. for the balance if it was not paid when due. *Held*, that as the judgment was not a lien on the premises, and no fraud was shown, there was no consideration for the promise to pay said note.

Appeal from Kings County Court.

Action by Harry W. Bell against John Pfadenhauer and another. From a judgment dismissing the complaint at the close of the evidence, plaintiff appeals. Affirmed.

See 64 N. Y. Supp. 977.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Theodore B. Gates, for appellant.

Thomas C. Whitlock, for respondents.

. WOODWARD, J. The plaintiff was nonsuited in this action, and is entitled to liberal construction of the evidence in his favor, but a reading of the case as it was presented to the learned court below convinces us that no error was committed in the disposition which has been made. Upon the case coming before this court on demur-rer, we held that the complaint set forth a cause of action, and we think there is no room for questioning the correctness of that decision. The trouble is that the facts proved negative the allegations of the complaint in several very important particulars. The amended complaint then under review alleged a copartnership existing between the defendants, residents of Kings county, and that on "September 1, 1897, plaintiff duly recovered a judgment against one Elka Weidhopf for the sum of $175.93, and same was duly entered and filed in the office of the clerk of Kings county, and said judgment became a lien on certain real estate situate on Cooper street, Brooklyn Borough, title to which was taken by defendants and one Lina Muller, to whom it was conveyed under the firm name of Pfadenhauer, Muller & Co., who thereupon assumed the debts owed by said Elka Weidhopf, as by reference to the record of said conveyance, when produced, will more fully and at large appear."

The evidence shows that the judgment of the plaintiff never became a lien upon the premises on Cooper street; that the transfer to the defendants and Mrs. Muller was made and recorded before the entry of the plaintiff's judgment; and, as there is no suggestion of any fraud in the transaction, it is certain that there was no lien upon the premises in favor of the plaintiff. The complaint then alleged a compromise by which the amount of his judgment was fixed at $150, $75 of which was paid by these defendants, who entered into an agreement to pay the note of Mrs. Muller for a like amount if the same was not paid within 30 days from its date. This payment, it was alleged, was to be in "consideration of value to them, and assignment of said original judgment to them by plaintiff"; and we held that such assignment was not a condition precedent. But the evidence shows that the agreement was not based upon any consideration of value to the defendants, acknowledged in such instrument, nor growing out of the transaction, for, the plaintiff's judgment not having been a lien upon the property transferred to the defendants and Mrs. Muller, there was no obligation on the part of the latter, and there could be no consideration for the agreement to pay the note, because nothing which the plaintiff might have done could have disturbed the legal rights of the defendants and Mrs. Muller in the property. The plaintiff does not suggest that there was anything contrary to law or equity in the transfer. His theory is that it was entirely proper, but that in some manner he has an equitable lien upon the premises which were thus lawfully transferred, and that this equitable lien constitutes a consideration for this promise of the defendants to see that the note of Mrs. Muller was paid. Mrs. Muller owed him nothing, the defendants owed him nothing, and it does not even clearly ap-

pear that the materials which furnished the foundation of the plaintiff's original claim were provided for the houses upon the Cooper street property, so that the evidence fails to support the cause of action set forth in the complaint. The fact that the defendants paid $75 upon a mistaken theory does not justify holding them to the payment of yet more money upon an agreement which is without consideration of any kind. The assignment of the original judgment, which is to follow the payment of the money, is not a consideration for entering into the agreement; and, the judgment not being a lien upon the premises transferred, there is no legal obligation on the part of the defendants to pay the claim. See Bradt v. Krank, 164 N. Y. 515, 521, 58 N. E. 657, 79 Am. St. Rep. 662.

The judgment appealed from should be affirmed, with costs. All concur.