### FOX v. TRIGGER et al.

#### (Supreme Court, Appellate Term. December 8, 1910.)

1. **FRAUD (§ 3\*)—PLEADING—PROOF.**
   In an action to recover money advanced by plaintiff to defendants on a pledge of property alleged to have been falsely represented by defendants as belonging to a certain person, plaintiff was bound to allege and prove representation, falsity, scienter, and intent to deceive.
   [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 1; Dec. Dig. § 3.\*]

2. **JUDGMENT (§ 248\*)—PLEADINGS AND PROOF.**
   A judgment must be secundum allegata et probata, and cannot be recovered on grounds not properly stated in the complaint.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 434, 439–440; Dec. Dig. § 248.\*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Benjamin Fox against Samuel Trigger and others. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Grant & Rouss, for appellants.
Michael J. Sweeney, for respondent.

PLATZEK, J. This is an action to recover the sum of $153 received by the defendants from plaintiff, a pawnbroker, upon the pledge

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of a pair of diamond earrings, the property of a third person other than the pledgor, upon the alleged ground:

"That said earrings were pledged by the defendants and said loan obtained from plaintiff upon a false statement, willfully made, that said chattels were the property of one Mrs. Gibson."

In order to recover, the plaintiff was bound to allege and prove (1) representation; (2) falsity; (3) scienter; (4) intent to deceive. The complaint omits to aver necessary and essential allegations to sustain the cause of action attempted to be pleaded, and the proof is barren of evidence sufficient to establish a cause of action predicated upon fraud. Proper and timely objections were made, and exceptions taken on the trial, calling the attention of the court to the deficiency in the pleading and the insufficiency of the proof. Marsh v. Falker, 40 N. Y. 562; Arthur v. Griswold, 55 N. Y. 400; Brackett v. Griswold, 112 N. Y. 454, 20 N. E. 376; Fairchild v. McMahon, 139 N. Y. 290, 34 N. E. 779, 36 Am. St. Rep. 701; Kranz v. Lewis, 115 App. Div. 108, 100 N. Y. Supp. 674.

No judgment can be recovered on grounds not properly stated in the complaint. The judgment must be secundum allegata et probata. Bradt v. Krank, 164 N. Y. 515–519, 58 N. E. 657, 79 Am. St. Rep. 662. Tuthil v. Myrus, 57 App. Div. 37, 68 N. Y. Supp. 37; Gordon v. E. & K. R. R. Co., 195 N. Y. 141, 88 N. E. 14.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.