## FRANCO v. CARUSO.

(Supreme Court, Appellate Term, First Department. May 4, 1916.)

1. PLEADING ⬤⟳385—BILL OF PARTICULARS—EFFECT.

In an action for breach of an oral contract of employment, plaintiff was bound by his sworn admissions as to the contract, and limited by the specific contract set forth in his bill of particulars.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1299; Dec. Dig. ⬤⟳385.]

2. FRAUDS, STATUTE OF ⬤⟳53—CONTRACTS NOT TO BE PERFORMED WITHIN ONE YEAR.

An oral contract, made in February, 1915, for personal services for a period of six months beginning the 1st of the following October, and ending the 1st day of April, 1916, cannot be fully performed within one year from the day of its execution, and is void, as within the statute of frauds (Personal Property Law [Consol. Laws, c. 41] § 31).

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 69, 80, 92; Dec. Dig. ⬤⟳53.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Vittorio Franco against Enrico Caruso. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered.

Argued April term, 1916, before GUY, COHALAN, and WHIT-AKER, JJ.

Wise & Seligsberg, of New York City (Alfred F. Seligsberg, and Isaac Lande, both of New York City, of counsel), for appellant.

Alphonsus A. Brugnoli, of New York City (Lorenzo C. Carlino, of New York City, of counsel), for respondent.

COHALAN, J.   [1, 2] The action was brought for an alleged breach of a contract of employment. The pleadings were oral, and the defendant set up a general denial. The plaintiff, in his bill of particulars and in his testimony in support thereof, relied solely upon an alleged oral contract of employment made in February, 1915, whereby he was engaged by the defendant for a period of six months, beginning from on or about the 1st day of October, 1915, to the 1st day of April, 1916, at a monthly salary of $350. The plaintiff was bound, therefore, by his sworn admissions, and limited to the specific contract set forth in the bill of particulars, which he endeavored to prove at the trial, and which was within the statute of frauds. An oral contract, made in February, 1915, whereby the services of the employé are engaged for a period of six months, beginning on or about the 1st of the following October, and ending the 1st day of April, 1916, cannot be fully performed within one year from the date of its execution; hence it is void as being within the statute. Section 31 of the Personal Property Law; Wilson v. Martin, 1 Denio, 602; Oddy v. James, 48 N. Y. 685.

The trial court erred in finding and assuming a contract different from that alleged by the plaintiff, and which the latter sought to prove by his testimony. The court held that there was evidence that the defendant employed the plaintiff for the previous 1914–1915 season, and that the employment terminated in February, 1915, about the time that the oral agreement was made. This statement, however, ignores the allegations of the bill of particulars, and incorrectly restates the testimony. It assumed that the plaintiff was to be employed for a season, but everything in the case indicates that the period of employment was for six months, and the term did not end until the 1st day of April, 1916. The plaintiff, therefore, was limited in his proof to such a contract, and in fact sought to establish by his testimony no other agreement. Reed v. McConnell, 133 N. Y. 425, 31 N. E. 22; Tuthill v. Myrus, 57 App. Div. 37, 68 N. Y. Supp. 37. The only contract before the court was one which by its very terms was within the statute of frauds, and therefore void as to the plaintiff herein.

The judgment appealed from is reversed, with $30 costs, and judgment rendered for the defendant, dismissing the complaint on the merits, with costs. All concur.