STOWELL MOTOR CAR COMPANY, INC., Plaintiff, v. ELIZABETH S. HULL, Defendant.

(Supreme Court, Broome County, September, 1921.)

*Contract — sale of automobile — rescinded because of mistaken credit on purchase price — no action lies to recover balance alleged to be due.*

ACTION to recover purchase price of automobiles.

Walker & Wilber, for plaintiff.

Hinman, Howard & Kattell, for defendant.

TUTHILL, J. This action, as stated in plaintiff's brief, is " brought to recover $1,750.00, the balance due upon the purchase price of an Essex Sedan," together with sundry items which are undisputed, amounting to thirty-nine dollars and nine cents.

On November 6, 1920, the parties entered into a written contract, by the terms of which as expressed the plaintiff sold, and the defendant purchased, an Essex automobile for $2,650. The defendant was allowed on the purchase price the sum of $1,750 for a Paige car, leaving a balance of $900 which the defendant paid, and the Essex car was delivered to and remains in her possession. It also appears that previously and on June sixth of the same year the defendant purchased from the plaintiff a Packard car for which, according to the contract therefor, she was to pay $7,000. The defendant was adjusting the balance due on such contract on November sixth when plaintiff's salesman proposed to the defendant that she purchase an Essex enclosed car for winter driving and advised her that growing out of the exchange of cars under the contract for the Packard car she had a credit for a Paige car for which he would allow

her $1,750, and which, with $900 in cash, would make the payment in full for the Essex car. The defendant expressed doubt as to her having such a credit, but the plaintiff's manager was insistent that the defendant was entitled to the credit for the Paige car, and the transaction for the Essex car was closed by the defendant giving her check for $900, the balance due under the contract as written. Also the parties at the same time adjusted the balance due from defendant for the Packard car in the sum of $250 for which the defendant gave her check. A few days thereafter the plaintiff's manager discovered his error in that he had given the defendant a credit of $1,750 on the contract with her for the purchase of the Packard car, and a credit for the same amount on the other contract with defendant for the Essex car. He asked the return of the latter car offering to repay defendant what she had paid and expended thereon, or that she pay a balance of $1,750 which the manager contended he had credited on the contract for the Essex car by mistake. Negotiations followed between the parties but no settlement was reached and this action resulted, which, by consent, was tried before the court without a jury.

I am satisfied it was clearly a mistake on the part of plaintiff's manager in giving the credit for $1,750 to the defendant upon the purchase price of the Essex car, as she had already received a like credit on her contract for the Packard car, such allowance having been derived by an exchange of cars resulting in a Paige car being taken in trade for defendant's account under the contract for the Packard car. It is not reasonable that the salesman intended to allow the same credit on both contracts. I am likewise satisfied that there was no intent by defendant to defraud the plaintiff or to take any unfair advantage in purchasing the Essex car. She was frank in stating that she could not understand how she could have

credit twice for the Paige car and it was only after being assured by the plaintiff's manager that she was so entitled that she made the bargain and took the Essex car. It was an instance of one's being convinced against their will and common sense. The defendant erroneously assumed, on the assurance of plaintiff's manager, that she was entitled to a credit on the contract for the Essex car of $1,750 and that an investment of only $900 in cash would make the payment in full for a car selling for $2,650. The defendant's manager was confused and mistakenly allowed the defendant a double credit of $1,750 on the two separate contracts. Both parties were mistaken.

As before indicated, the plaintiff now asks judgment for a balance under a contract which it established upon the trial contained a mistake in a material particular. It seems illogical to prove a contract containing an erroneous fundamental assumption and then ask a recovery thereon. The situation is entirely different than where there is an account between parties which is settled but a mistake is made in allowing or failing to allow an item. In the present case the contract declared upon is shown to be voidable because of a mistake which destroys it. It is elementary that to constitute a contract there must be a meeting of the minds of the parties. In Benjamin on Sales (7th ed. 1899, § 50, p. 60), it is stated: "From the general principle that contracts can only be effected by mutual assent, it follows that where, through some mistake of fact, each was assenting to a different contract, there is no real valid agreement notwithstanding the apparent mutual assent."

In *Rowland* v. *N. Y., N. H. & H. R. R. Co.,* 61 Conn. 103, it was held that a mistake as to price is material and a ground for holding that the minds of the parties did not meet, and that their minds not having met, there was no contract.

The plaintiff, when it discovered the mistake, pro-

ceeded to rescind the contract, which is the "avoiding of a voidable contract." 24 Am. & Eng. Ency. of Law, 609. It demanded a return of the car or the payment of the amount which it claimed was due. It cannot be consistently asserted that a contract can be rescinded and then enforced.

In *Harper, Inc.*, v. *City of Newburgh*, 159 App. Div. 695, 696, 697, the court said: "But in rescission no contract remains, for there was in the eye of the law no meeting of the minds at all. Hence the court may rescind the apparent contract for the mistake of one party only, without a finding of fraud or inequitable conduct in the other." Citing authorities.

Professor Williston, in his late work on Contracts, (1920, vol. 3, § 1557, pp. 2760–2761), says: "But where the error is in the substance of the bargain, not in its expression — that is where the mistake relates to the way the agreed terms will apply to the external world, rescission with restitution of whatever has been parted with, is the only relief possible, though this may be sought in a variety of ways appropriate for different situations. * * *

" Knowledge by one party that the other is under a mistake as to such a matter as would make the transaction voidable if the mistake were mutual, if accompanied by any circumstances deemed inequitable and perhaps generally without more, will have the same effect as mutual mistake in justifying rescission."

The defendant by keeping the Essex car did not ratify the contract therefor excluding the item of credit allowed of $1,750. She at all times after the finding of the mistake denied any liability to pay $1,750 in cash, and contended that she had made the bargain relying on the credit given her for the Paige car, and that she would not have purchased the Essex car paying the entire purchase price in cash. Such falls far short of a ratification of the contract with the credit eliminated.

It must be held that the plaintiff cannot recover herein under the pleadings and evidence submitted, as such a recovery would be had upon a contract which plaintiff had rescinded. The liability of the defendant to the plaintiff, if any, rests not upon the contract as written by the parties, but in the defendant's retaining the car after the mistake was discovered and demand made for its return. The action would be in assumpsit upon an implied promise on the part of the defendant to pay what in good conscience should be paid for the value of the car, taking into consideration all the facts surrounding the purchase. Williston Cont. *supra,* § 1479, p. 2632; Id. § 1575, p. 2789; *Rowland* v. *N. Y., N. H. & H. R. R. Co., supra.*

It is well understood that a plaintiff can not plead one cause of action and recover on another. No judgment can be given in favor of a plaintiff on grounds not stated in his complaint, nor relief granted for matters not charged, although they may be apparent from some part of the pleadings or evidence. *Tuthill* v. *Myrus,* 57 App. Div. 37, 40.

The first cause of action set forth in the complaint should be dismissed but not upon the merits. *Conolly* v. *Hyams,* 47 App. Div. 592. Costs are awarded to the defendant, and the clerk should credit on the judgment therefor the sum of thirty-nine dollars and nine cents, with interest from November 8, 1920, which amount is conceded to be due from the defendant to the plaintiff on the second cause of action. Findings may be prepared accordingly.

Judgment for defendant.