THOMAS F. KEATING, Respondent, *v.* THOMAS P. FLAHERTY, Appellant.

Supreme Court, Appellate Term, First Department, April 1, 1927.

**Contracts — validity — failure of writings to recite consideration warrants dismissal of complaint.**

The complaint in this action, wherein plaintiff relies upon writings to substantiate his claim that defendant promised to pay the debt of a third party, must be dismissed, for neither the writings nor the averments of the plaintiff's affidavit indicate any consideration for the support of defendant's promise.

LEVY, J., dissents, with opinion.

APPEAL by defendant from so much of an order of the City Court of the City of New York as denies his motion to dismiss the complaint.

*Bouvier, Caffey & Beale* [*A. P. Walker, Jr.,* of counsel], for the appellant.

*John Caldwell Myers* [*John F. Keating* of counsel], for the respondent.

PER CURIAM. Neither in the writings relied upon by the plaintiff nor in the averments of the opposing affidavit is there any consideration apparent for the support of defendant's promise to pay the debt of the third party.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within six days on payment of said costs.

DELEHANTY and LYDON, JJ., concur.

LEVY, J. (dissenting). I dissent. The writing on which plaintiff seeks to hold defendant liable here reads as follows:

" I hereby agree to *assume* the indebtedness of W. Gordon McCabe & Co. to Thomas F. Keating, to the amount of Three thousand dollars ($3,000.) (Balance of salary for year 1921), and *agree to pay same* to said Thomas F. Keating.

" T. P. FLAHERTY."

Defendant has moved to dismiss the complaint on the ground that by the agreement in question there is undertaken the obliga-

tion to pay the indebtedness of another, which must be void under the Statute of Frauds because no consideration is expressed. In my view this statute does not enter into the situation at all, because obviously it does not declare a promise to pay the debt of another, or even a promise " to see that the debtor paid it," which has been properly held to be a guaranty under the authority of *Barney* v. *Forbes* (118 N. Y. 580). Therein lies the distinction, and I am of opinion that my associates have fallen into error because of their failure to thus distinguish.

Here, the writing indicates a primary *assumption* by defendant of the obligation of the debtor in favor of plaintiff. Under the most favorable construction of the complaint, it resulted in a novation whereby the indebtedness of W. Gordon McCabe & Co. to the plaintiff was discharged and defendant substituted for the previous debtor. In any event plaintiff might be able to establish this upon the trial. Such a contract to substitute a third party for one of the parties to a prior contract requires no further consideration. As was well said in *Ceballos* v. *Munson Steamship Line* (93 App. Div. 593): " If the contract of substitution of the defendant be established, then there is consideration. LONGWORTH, J., in *Bacon* v. *Daniels* (37 Ohio St. 279) says: ' The existence of the contract being established, the consideration is selfevident.' "

The result in *Becker* v. *Krank* (62 App. Div. 514) does not support defendant's view that this involves a promise to pay the debt of another. In that case the defendant's writing was as follows: " We, the undersigned, * * * hereby agree to pay David Bradt, Becker & Co. a bill of two hundred and sixty-five dollars and fifty cents ($265.50) against Church & Jones between now and Tuesday next week." It is apparent that there the agreement did not release David Bradt because there was no assumption of his debt but a collateral and independent promise on the part of defendants. In the case before us there was an express assumption, as in the case of a purchaser of property who buys subject to a mortgage, where it is universally held that the mortgage debt becomes the primary obligation of the purchaser. The same result follows where a person assumes to pay the ordinary debt of another. Whether the intent is thereby to discharge the original debtor is not always clear and frequently becomes a question of fact to be determined upon the trial. The definition of the word *assume*, in matters of law, is " to take upon one's self." (*Springer* v. *DeWolf*, 194 Ill. 218.)

It was, therefore, proper to refuse to dismiss the complaint and I vote to affirm the order. ]