SCOTT v. PINKERTON.

---

Where a partnership is admitted, an account can be had, notwithstanding the defendant denies there is any thing due to the complainant, and even though the answer alleges that the latter is indebted to the former. And, where, on the taking of the accounts an indebtedness appears, (i. e. by the complainant to the defendant) the defendant can have a decree for the balance.

---

*Jan.* 25, 1837.

*Partnership account.*

BILL alleging a partnership, as paviors, between the complainant and defendant. The defendant admitted a partnership to a certain extent ; but denied any thing was due from him on account of it. Indeed, so far from it, he insisted that a large balance was owing from the complainant to him.

The cause came up on bill, answer and proofs.

Mr. *H. M. Western*, for the complainant.

Mr. *Bulkley*, for the defendant, insisted that the bill should be dismissed, because it denied every allegation of the bill, especially as to any thing being due to the complainant, and was not disproved.

*October 2.*     THE VICE CHANCELLOR :—The bill proceeds on the ground of a general partnership between the complainant and the defendant as paviors in the city of New-York, from about the month of May, one thousand eight hundred and twenty-two until the year one thousand eight hundred and twenty-nine ; and calls for a settlement of the partnership accounts. The answer denies a general partnership, but admits the defendant let the complainant into a partnership in particular jobs or contracts, which he, the defendant, took and entered into with the corporation of the city of New York from time to time, and with the New York Gas Light Company, all of which were performed on their joint account. And the answer likewise states that previously, namely, in November, one thousand eight

hundred and twenty-one, the complainant took the defendant into partnership with him to execute a contract for paving in New Orleans, which the complainant had entered into with the mayor of that city, and which the complainant and defendant performed there on their joint account, between the month of November one thousand eight hundred and twenty-one and March one thousand eight hundred and twenty-two; and the answer then avers and shows, by the statements of accounts annexed, that nothing is due to the complainant, but, on the contrary, taking all the partnership accounts together, a large balance is due from the complainant to him. The defendant insists that, upon his answer, uncontradicted by proofs as to there being a balance due to the defendant and not to the complainant, the bill should be dismissed, without a reference to take the accounts. This cannot be allowed. The object of the bill is not to be defeated, by a denial in the answer, that nothing is due to the complainant but that something is due (even a large balance) to the defendant.

The complainant is, still, entitled to have the accounts investigated and stated; and if the balance is reported against him, the defendant can have a decree (even upon the complainant's bill) for such balance: *Stowell* v. *Cole*, 2 Vern. 297; *Bodkin* v. *Clancy*, 1 Ball and B. 216; 2 Bligh's Rep. 229; *Colegate D. Owing's Case*, 1 Bland's Ch. R. 404.

I must direct a reference to take the partnership accounts.