(110 App. Div; 99.)

CONSOLIDATED FRUIT JAR CO. v. WISNER.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. PAYMENT — VOLUNTARY CHARACTER — STOCK DIVIDENDS — APPLICATION TO CLAIM AGAINST STOCKHOLDER.

After the commencement of an action for accounting by a corporation against its president and general manager, dividends were declared, and, defendant being the holder of stock, he demanded the dividends. In response to this demand plaintiff wrote defendant practically admitting that the dividends were due him, and stated, "pursuant to the law in this state relative to the retention of dividends by a corporation, we have taken the liberty of applying the amounts to" defendant's credit. Afterwards defendant filed an amended account, in which, referring to the dividends, he stated that it "was credited upon defendant's account by the plaintiff without request of defendant." *Held*, that such facts did not establish a voluntary payment by defendant, so as to preclude him from recovering the dividends on its being shown that nothing was due from him to the corporation.

2. ESTOPPEL—INCONSISTENCY OF CONDUCT.

In an action by a corporation against its president and general manager for an accounting, it appeared that plaintiff attempted to credit upon defendant's personal account certain dividends declared upon stock held by him as trustee, as well as those declared on his individual stock. Afterwards it was proven that nothing was due from defendant to the corporation, and that the dividends were wrongfully withheld. *Held*, plaintiff was not in a position to assert that defendant was not entitled to recover the dividends declared on the stock held by him as trustee.

3. TRUSTS—DIVIDENDS ON STOCK HELD BY TRUSTEE.

As against the corporation, a trustee is entitled to recover dividends on corporate stock held by him in trust.

4. ACCOUNT—AFFIRMATIVE RELIEF TO DEFENDANT—NECESSITY OF DEMAND.

In an action for an accounting, where each party presents his respective items of credit, and a balance is found in favor of defendant, judgment is properly rendered in his favor, although his answer contains no demand for an affirmative judgment.

On reargument. Reversed.

For former opinion, see 93 N. Y. Supp. 128.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and HOUGHTON, JJ.

O'BRIEN, P. J. This action is now before the court pursuant to its order directing a reargument of the appeal; "the reargument to be limited to the question of the right of defendant to recover the dividends declared January 18, 1899, and January 18, 1900." The facts have been fully detailed in our former opinion (Consolidated Fruit Jar Co. v. Wisner, 103 App. Div. 453, 93 N. Y. Supp. 128), and we then stated that, while the evidence supported the finding of the referee that the defendant had paid to the plaintiff more than other customers paid for like goods, and more than he could fairly have been required to pay, nevertheless he could not recover back such overpayment, as it had been made by him voluntarily and without fraud or duress, after a dispute between the parties as to the amount due. Briefly, we summarized our conclusion upon this point by saying:

"If he intended to litigate the right of the corporation to receive the prices which it had charged him, he was bound at that time to take that position and resist the demand then made upon him."

As stated in the opinion then delivered, the referee found that the plaintiff was indebted to the defendant in the sum of $12,167.06, and it now appears that this amount included an item of $2,521.50, consisting of dividends on stock of the corporation held by the defendant, some of which dividends had been declared on January 18, 1899, and the balance on January 18, 1900. Upon the original appeal the attention of the court was not called to the fact that the amount found by the referee to be due the defendant was made up of the item of dividends just referred to in addition to the amount of overpayments upon what may be termed the mercantile transactions, which latter the court held could not be recovered by the defendant on the ground that they had been voluntarily made by him. Neither party having pointed out the distinction existing between the dividends and the other payments, the court did not pass upon that subject, and therefore granted a reargument in order that the question might be more fully considered.

In determining the defendant's rights to these dividends, it is necessary to refer briefly to the history of the litigation, as well as to the facts connected with the dividends themselves. The action was begun in 1897, the interlocutory judgment directing an accounting before a referee was entered in the following year, and the defendant's original account, as filed with the referee, was verified July 10, 1899. A portion of the dividends now in dispute had been declared by the plaintiff corporation upon January 18th of that year, but the defendant did not include them in his account. Nor had the plaintiff then taken any action which would lead him to believe that it intended to apply them as a credit upon his account with it. The balance of the dividends were not declared until January 18, 1900, after the defendant's original account had been filed, and, so far as the record shows, nothing was done concerning any of the dividends until April 14th, on which date the defendant wrote the plaintiff two letters. The first, signed by himself as trustee, stated that he was the "holder and owner, as trustee for other parties, of 216 shares of the capital stock of" the plaintiff corporation, and "as such owner and holder * * * as such trustee," was entitled to the dividends theretofore declared thereon, amounting to $756. The second letter stated that he was individually "the holder and owner of 474 shares of capital stock" of the plaintiff, and "as such holder and owner" was entitled to the dividends which had been declared thereon, amounting to $1,659. Both letters closed with a formal demand upon the corporation to pay to the defendant the amounts specified. In response to this and on May 3d, the plaintiff, through its treasurer, wrote the defendant practically admitting that the dividends were due him and stating:

"Pursuant to the law in this state relative to the retention of dividends by a corporation, we have taken the liberty of applying the following amounts to the credit of Mr. H. C. Wisner's account."

Then followed a recital of dividends amounting to $2,521.50, being those demanded by the defendant's letters of April 14th. Some time after this, but the exact date not appearing, the defendant filed

an amended account, in which, referring to the last-mentioned sum, he states that it "was credited upon the defendant's account by the plaintiff without request of the defendant, being dividends declared in 1899 and in 1900, payment of which dividends Mr. Wisner had demanded on the 19th of April. The plaintiff refusing to pay the dividends wrote as follows"—and then is set forth the portion of plaintiff's letter of May 3d above quoted.

It was not disputed upon the trial that the dividends had been declared, and that the defendant was entitled to them as holder of the certificate of stock; a portion being held by him individually, and the balance as trustee. Nor was it disputed that the plaintiff had attempted to apply all the dividends to the defendant's personal account under the claim that he owed the corporation a large sum of money upon which these dividends could be applied as part payment. The plaintiff did this in opposition to the defendant's express demand that the dividends be paid to him, and thus it is responsible for injecting into this litigation the issues concerning them.

We do not think it can be said that these facts establish a voluntary payment by the defendant so as to preclude him from recovering the dividends. He did not regard them as a part of the transactions for which this action was brought; that it is shown by the fact that he did not include in his original account the dividends which had then accrued, and by the further fact that after the remainder of the dividends had been declared in 1900 he made a demand upon the plaintiff that it should pay all the dividends to him. The mere fact that, after the plaintiff had refused to accede to that demand, he then acquiesced in its determination to apply them as a part payment upon his account, does not prevent him from recovering them; it being proven that nothing was due from him to the corporation.

Nor is the plaintiff in a position now to successfully assert that the defendant in this action, which is brought against him as an individual, cannot recover the dividends declared upon the stock held by him as trustee. It was the plaintiff, as already said, that first injected the issues concerning the dividends into this litigation. It attempted to credit upon defendant's personal account the dividends declared upon the trust stock, as well as those declared upon his individual stock. It treated both classes of dividends as the same, and it cannot complain if the defendant accepts the position into which it has forced him. By its own conduct it has rendered the dividends subject to the outcome of this litigation, and has prevented the defendant from taking other means of recovering them. Having tied up the dividends until possibly the statute of limitations has run so as to preclude an independent action for their recovery, it will not now be permitted to avail itself of a defense that the defendant cannot recover them in this action. Furthermore, the payment to him of the dividends declared upon the stock held by him in trust would be a complete defense in plaintiff's favor to any action which might hereafter be brought against it by any other person whatsoever for the recovery of those dividends. Beyond this the plaintiff has no interest. Whether the stock really belonged to the defendant, or was held by him as trustee for others, in no way affects his right to receive the dividends in the first instance. If it belongs to him, he can then retain the dividends, if to others, he, and

not the plaintiff, must account therefor to the cestuis que trust. Upon the stock held individually, or as trustee, defendant was entitled to have the dividends paid to him, and that plaintiff recognized this is evidenced, as stated, by the fact that if he had been found indebted to the plaintiff the latter would have retained them and applied them on his indebtedness.

Nor is the defendant prevented from obtaining affirmative relief by the fact that his answer contains no demand for an affirmative judgment. This is an action for an accounting. Upon the trial each party presented his respective items of credit, and when the accounts had been balanced the judgment was properly rendered in favor of the party, who was entitled to it, for the sum which was found to be due him. Scott v. Pinkerton, 3 Edw. Ch. 71; Goldthwait v. Day, 149 Mass. 185, 21 N. E. 359; McGregor v. McGregor, 21 Iowa, 442, 455; Raymond v. Came, 45 N. H. 201; Story's Eq. Jur. 522; 1 Enc. Law & Pro. 435.

In McGregor v. McGregor, supra, the court said:

"While it is true, as a general rule, that a defendant is not entitled to any affirmative relief, except upon the averments of a cross-petition, yet there is at least one exception to this rule. When a plaintiff files his petition for an account, if a balance is ultimately found in favor of the defendant, he is entitled to a decree for such balance against the plaintiff."

In addition to this, it should be borne in mind that the action is in equity, and in such actions the court having assumed jurisdiction will grant the appropriate relief to the one entitled thereto, in order that complete justice may be done between the parties. Mott v. Oppemheimer, 135 N. Y. 312, 316, 31 N. E. 1097, 17 L. R. A. 409.

For these reasons, and for those expressed in our former opinion, we have reached the conclusion that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the defendant stipulate to reduce judgment to the sum of $2,521.50, with interest thereon, in which event judgment as so reduced affirmed, without costs to either party on this appeal. All concur.