(110 App. Div. 655.)

### KERVAN v. HELLMAN et al.

(Supreme Court, Appellate Division, First Department. January 26, 1906.)

JUDGMENT—CONFORMITY TO PLEADING—PRAYER FOR RELIEF.

Where a complaint against several defendants for brokerage commissions for procuring a loan alleged that a certain defendant was intrusted with the control of the loan contract and the payments to be made thereunder, and that he had a sum of money in his hands applicable to the payment of plaintiff's commissions, and refused to pay the same, and demanded judgment that such defendant be restrained from paying out any money which he held subject to plaintiff's demands and account to plaintiff, for such money and be directed to pay it over to plaintiff, and contained no demand for a personal judgment against such defendant, and sought such judgment against another defendant alone, a general personal judgment rendered against the former defendant for the amount of plaintiff's demand, without any amendment of the complaint having been had, was erroneous, under Code Civ. Proc. § 481, requiring the complaint to contain a demand of the judgment to which plaintiff supposes himself entitled.

Appeal from Special Term.

Action by Matthew C. Kervan against Myer Hellman, impleaded with others. From an order amending and resettling a judgment for plaintiff, and from the judgment as amended and resettled, defendant named appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and HOUGHTON, JJ.

John A. Straley, for appellant.

Charles Blandy, for respondent.

O'BRIEN, P. J. We are of the opinion that the judgment appealed from is erroneous in so far as it awards a personal recovery against the appellant Hellman, for the reason that the pleadings do not justify such a recovery.

The complaint alleges that the defendant Nicholsburg was the owner of a lot of land in the city of New York, and on June 12, 1901, employed the plaintiff as a broker to procure a building loan for $130,000, to enable him to erect a building upon the lot; that he agreed to pay plaintiff 4 per cent. to cover his commissions and the costs necessarily incurred in procuring the loan; that subsequently the plaintiff in performance of the agreement called upon the defendant Smith, who stated that he could procure a building loan of $125,000 upon the premises, and would do so if Nicholsburg would accept that sum, and if the plaintiff would allow him 2 per cent. of the amount of the loan to cover his commissions and expenses, the plaintiff to retain the remaining 2 per cent. net; that this proposition was finally accepted and an agreement made embodying the provisions stated, in connection with a further agreement that, as a matter of convenience in collecting the commissions, Smith should be constituted the agent of the plaintiff and of Nicholsburg for the purpose of receiving the entire amount of 4 per cent. as it fell due, and dividing it between the parties entitled thereto. And it was further agreed that Smith should keep the plaintiff informed of the times when the payments on account of the building loan and the commissions should be due; that the building loan was procured, and subsequently two modifications of the contract were mutually agreed upon, which need not be detailed, as they do not affect the question now under consideration. The complaint then alleges that subsequent to these events Nicholsburg, acting under an agreement with the other parties named, "placed the administration of the said building loan contract and the charge and control of the payments to be made thereunder in the hands of the defendant Myer Hellman, as trustee or attorney in fact, and that said Hellman accepted said trust and entered upon the performance thereof"; that thereafter, and prior to the commencement of the action, there was paid to Smith by Nicholsburg on account of commissions about $3,000, the exact amount being unknown to plaintiff; and that Smith has wholly failed and refused to pay to plaintiff his share of such commissions or any part thereof, although due demand had been made therefor. It is then alleged upon information and belief that Smith is insolvent and has applied said moneys to his own use, and further has demanded the payment of the balance of the commissions from Nicholsburg and Hellman,

claiming to be entitled thereto; that he has threatened to compel the payment thereof to him, and Nicholsburg and Hellman have "threatened to comply with his demand"; that there remains in the hands or under the control of Nicholsburg and Hellman over $1,000, still unpaid on account of such commissions; that prior to the commencement of the action plaintiff notified Nicholsburg and Hellman that he revoked the authority of Smith to collect the commissions, and requested them to pay the balance thereon in their hands to plaintiff, "but said defendants have refused to pay any part thereof to plaintiff without the consent of said Smith, and said Smith has refused to consent thereto, claiming that he is entitled to receive the said balance of said commission, or some portion thereof."

Wherefore plaintiff demands judgment against the defendants, other than Smith, that they be restrained during the pendency of the action from paying out any money which they now hold, or may hereafter receive, applicable to the payment of commissions; that the defendants and each of them account to the plaintiff for the moneys now in their hands, or "for moneys heretofore received and disbursed by them or either of them, and also for such moneys as may hereafter come into their hands applicable to the payment of the aforesaid commissions;" that so much of said moneys be adjudged to belong to the plaintiff as may be sufficient to satisfy his claim for $1,950, with interest and costs; and that the defendants "be directed to pay over the moneys found in their hands applicable to the purpose aforesaid to this plaintiff, to the extent above indicated; that if the amount of money found in the hands of said defendants, other than the defendant Smith, be insufficient to pay and discharge the claim of the plaintiff with interests and costs, as aforesaid, that plaintiff have judgment against the defendant Smith for the deficiency, if any, which may exist after the application of the aforesaid moneys to the payment of his claims with interest and costs; and that the said plaintiff have such other or further relief in the premises as to the court may seem just and proper."

These are all the material allegations of the complaint, and it will be searched in vain for any expression designed or tending in any way to fix a personal liability upon Hellman, beyond that which might arise from the fact that he had in his hands at the time of the commencement of the action or thereafter a portion of the fund applicable to the payment of commissions. The theory of the complaint, so far as it related to Hellman, is that he acted as disbursing agent of the fund, being empowered to administer the loan and having charge and control of the payments to be made thereunder, and responsible to the plaintiff only in so far as the fund might be in his hands at the time of the commencement of the action, or might be thereafter received. If at the time of the commencement of the action he had disbursed any part of the money previously received by him, the plaintiff in his complaint made no demand against him for restitution of that money. The prayer for relief expressly limited Hellman's liability to an accounting, and, if the funds in his hands were insufficient to pay plaintiff's claim, then the complaint demanded that the deficiency should be paid by Smith only. No demand for the payment of such deficiency was made against Hellman. The complaint was not amended during or after

the trial, and Hellman is therefore placed in the anomalous situation of having a personal judgment against him for $2,633.13 in an action where no personal judgment was sought.

This is manifestly wrong. As said in Wright v. Delafield, 25 N. Y. 266:

"Parties go to court to try the issues made by the pleadings, and courts have no right impromptu to make new issues for them, on the trial, to their surprise or prejudice, or found a judgment on grounds not put in issue and distinctly and fairly litigated."

And as said in Becker v. Krank, 75 App. Div. 193, 77 N. Y. Supp. 667:

"It is a settled rule that recovery must be had, if at all, according to the allegations of the complaint." Day v. Town of New Lots, 107 N. Y. 148, 154, 13 N. E. 915; Truesdall v. Bourke, 145 N. Y. 612, 617, 40 N. E. 83; Salisbury v. Howe, 87 N. Y. 128.

Pleadings and a distinct issue are essential to our system of jurisprudence. There can be no orderly administration of justice without them; and a party will not be permitted to lull his adversary into a sense of security by a failure to demand a personal judgment against him, and then, without amending his pleadings, obtain such a judgment. Section 481 of the Code of Civil Procedure guards against such practice, for it requires that a complaint must contain "a demand of the judgment to which the plaintiff supposes himself entitled."

Nor is this in conflict with the recent decision of this court in Consolidated Fruit Jar Company v. Wisner (decided at December term, 1905) 97 N. Y. Supp. 52. That was an action for an accounting in which the defendant by his answer practically consented to account, but did not ask for an affirmative judgment. Upon such accounting, a balance in his favor was found to be due, and judgment was rendered for this amount, which was sustained by this court upon the ground that the action, being for an accounting between two parties, a judgment was properly rendered in favor of the one to whom the balance was found to be due. But this is an exception to the general rule requiring that affirmative relief must be demanded before it will be granted, and the exception has no application to the case now before us, where the plaintiff has alleged in his complaint no facts showing the right to a personal judgment against Hellman, and where his prayer for relief especially exempts Hellman from such judgment.

There is also grave doubt as to whether the plaintiff upon the trial established sufficient facts to entitle him to a personal judgment against Hellman, even if such judgment was warranted by his complaint; but this question need not be considered, as the evidence upon a retrial may differ materially from that now before us. It is necessary that such retrial should be had, as the court at Special Term has failed to find whether any part of the fund applicable to the payment of commissions was in the hands of Hellman at the time the action was commenced, or was thereafter received by him. For such money Hellman would be responsible, and without a finding upon that subject the rights of the plaintiff cannot be determined.

For these reasons we are compelled to reverse the judgment appealed from against defendant Hellman, and to direct a new trial, with costs to the appellant to abide the event. All concur.