LOUIS HOCHEN, Appellant, v. HARRY RUBIN, Respondent.

First Department, December 21, 1965.

*David H. Shapiro* for appellant.

*Frank L. Miller* of counsel (*Nathan Amchan* with him on the brief), for respondent.

STEVENS, J. This is an appeal by plaintiff from so much of an interlocutory judgment entered June 14, 1965 as adjudged plaintiff to be a joint venturer with defendant in a transaction known as "Brightwaters" and directed that plaintiff's share in a joint adventure known as "Smithtown" be deposited by the defendant with the Clerk of the Supreme Court, New York County, and be held by him for three years subject to an accounting with respect to profits or losses on the Brightwaters transaction. The judgment insofar as appealed from also directs that moneys which might become due plaintiff from unsold lots in the Smithtown venture be so deposited with a right in defendant to call upon plaintiff for additional investments for expenditures in the Brightwaters transaction or to apply any of the moneys deposited for that purpose.

Plaintiff and defendant, accountants, were partners in their own firm from 1945 until the partnership was dissolved by a writing in March, 1957, effective January 31, 1957. During that time they entered several transactions with various clients as joint venturers, the adventures being always in the name of the defendant. In 1962 plaintiff instituted this action for an accounting. The first cause sought an accounting for moneys related to the partnership. This was settled by stipulation for $1,000. The second cause sought an accounting for profits allegedly due as a result of the joint adventures. These were enumerated in a bill of particulars given in response to a demand therefor. The only claim made with respect to Brightwaters was for salary allegedly received by the defendant for work done as an accountant but for which he failed to account to plaintiff. Defendant raised several defenses but did not plead a counterclaim or setoff. At the trial plaintiff offered proof only as to the Smithtown venture. Over objection defendant was permitted to offer proof as to the Brightwaters transaction. There was no dispute that plaintiff and defendant in 1954 were joint venturers with others in the Brightwaters transaction. The defendant claimed that this transaction was pooled with the Smithtown transaction and that because a loss might be sustained in Brightwaters such loss, when sustained, should be used as a setoff against any moneys owed by defendant to plaintiff on Smithtown. The court rejected plaintiff's testimony that he quit the Brightwaters venture in 1955 and transferred his $2,000 investment therein to the Smithtown venture as an additional capital contribution. The court found that there was due plaintiff from the defendant on the Smithtown venture the sum of $11,276.25 and did not allow the $2,000 which plaintiff claimed to have transferred. The court concluded that plaintiff remained a joint venturer with defendant in the Brightwaters transaction and provided for the setoff as above indicated.

On appeal plaintiff urges that it was procedurally improper to permit the defendant to prove his alleged counterclaim in the manner allowed. This contention must be rejected. Since this was an action in equity for an accounting defendant would not be prevented from obtaining affirmative relief, even though his answer contained no demand for an affirmative judgment. (*Consolidated Fruit Jar Co.* v. *Wisner,* 110 App. Div. 99, 103, affd. 188 N. Y. 624, distinguished in *Kervan* v. *Hellman,* 110 App. Div. 655, 659; *Smith* v. *First Nat. Bank of Albany,* 151 App. Div. 317, 321.) Not only does equity under the circum-

stances shown here retain jurisdiction to do justice, but also to avoid multiplicity of suits. (*Satterlee* v. *Kobbe*, 173 N. Y. 91, 97.) The court having "obtained jurisdiction of the parties and the subject-matter of the action will retain it and adapt the relief to the exigencies of the case." (*Satterlee* v. *Kobbe*, *supra*, p. 97.)

Appellant's contention that the Statute of Frauds is a complete defense to the defendant's claim is rejected also, for the Statute of Frauds would not be a defense if a valid joint venture were shown to exist as to Brightwaters. (See 32 N. Y. Jur., Joint Adventures, §§ 3, 12.) The judgment as to Brightwaters, however, cannot stand for on this record defendant failed to prove by a preponderance of the credible evidence that plaintiff remained a coventurer in Brightwaters.

Brightwaters and Smithtown both involved realty. Defendant testified that plaintiff paid his contribution as to Smithtown directly into the Smithtown account and there was written and oral evidence that from time to time the defendant notified plaintiff of his share of deductions for interest and taxes in the Smithtown venture. There was no such proof as to Brightwaters, though admittedly both interest and taxes had to be paid. Defendant testified that he, with three others, entered the Brightwaters venture. Defendant testified that he first had a 15% interest, later increased to 25%, and that plaintiff had a 50% interest of defendant's share or one eighth of the total venture. Defendant denied that he had ever told plaintiff their joint interest amounted to 10% or that plaintiff's interest would be only 5%. However, when he was confronted with written proof to the contrary he amended that statement, saying it had been for such a brief period he had overlooked it. Plaintiff on the other hand testified that he learned from one of the other joint venturers the extent of the interest held by defendant (15%) and plaintiff informed defendant that he no longer wished to be connected with that deal. At defendant's suggestion, in which plaintiff acquiesced, plaintiff says the $2,000 paid into the venture by plaintiff was to be transferred over as an additional capital investment in the Smithtown venture. Subsequent to the entry of the Brightwaters adventure a corporation was formed known as Brightwaters Beach and Cabana Club, Inc., for which defendant originally obtained a 15% interest of the issued stock and later became a 25% stockholder. In 1958 the Brightwaters stock was sold by defendant in conjunction with the other three stockholders to a new group who took over the Brightwaters corporation. Seventy-five thousand dollars was

paid in cash and a purchase-money mortgage of $382,200 was drawn and issued to the four persons in their individual names. Later a new partnership was formed to which the parties assigned their interest in the mortgage. It is not disputed that defendant at no time paid any of the moneys received to plaintiff nor was there any distribution to plaintiff of any share of the interest and amortization payments received on the mortgage. Defendant testified that he told plaintiff orally of the various developments but this was disputed by the plaintiff. The various tax returns of the defendant did not list plaintiff as having any interest in the profit or the stock asset nor in the interest and amortization payments on the mortgage. It also appears that sometime about 1958 defendant assigned something over 7% of his interest in the mortgage to one of the other partners without plaintiff's knowledge or consent, defendant having only a 17.93% interest in such mortgage at the time of the trial. There is no credible evidence that plaintiff knew of, consented to or participated in the forming of the corporation. While corporations may be parties to a joint venture agreement (12 N. Y. Jur., Corporations, § 604) '' a joint venture may not be carried on by individuals through a corporate form with the corporation presenting itself to the world as the responsible entity. When parties adopt the corporate form, with the corporate shield extended over them to protect them against personal liability, they cease to be joint adventurers and have only the rights, duties and obligations of stockholders.'' (32 N. Y. Jur., Joint Adventures, § 5, p. 278; *Weissman* v. *Awnair Corp. of America,* 3 N Y 2d 444, 449.) When the joint venture became a corporation the joint venture lost its identity and merged into the corporation as a new separate entity. (*Farber* v. *Romano,* 232 N. Y. S. 2d 285.) There is no credible evidence that plaintiff was aware of the change from joint venture to corporation or that defendant held a share of the stock interest as trustee for the plaintiff. The same deficiency exists as to the new partnership formed to receive and hold the purchase-money mortgage.

It may be that defendant is possessed of information or has access to documents or records which would establish that plaintiff retained an interest in Brightwaters. If so, he should be afforded the opportunity to prove his claim. The court's determination as to the sum due plaintiff was based on the return of plaintiff's capital investment of $2,624.06 in Smithtown, together with his share of the profits received by defendant from Smithtown. The trial court made no allowance to plain-

tiff for the $2,000 admittedly originally invested in Brightwaters, and the proof as to its transfer to the Smithtown venture was just as unsatisfactory as defendant's claim that plaintiff was still a party to the Brightwaters venture. Under the circumstances the present determination is without prejudice to the rights of the parties to such sum.

The judgment appealed from should be modified on the law and the facts to provide for judgment absolute for the plaintiff, and immediate payment thereon or execution therefor in the sum of $11,276.25 (the $1,000 settlement is not included in this computation), with interest thereon computed from the dates defendant withheld payment to plaintiff of profits or return of the plaintiff's capital from Smithtown, and if the parties cannot agree thereon the computation shall be made at a Special Term of the Supreme Court. Plaintiff is entitled also to a 50%-share of sums received by defendant from the unsold Smithtown lots and to an accounting thereon at the termination of the venture, and the judgment should be modified accordingly. This disposition is without prejudice to any separate action defendant may institute to establish his claim of a continued joint venture in Brightwaters and the right to contribution by plaintiff toward losses sustained in the venture. As so modified the judgment appealed from should be affirmed, with costs and disbursements to appellant.

BREITEL, J. P., RABIN and EAGER, JJ., concur.

Judgment unanimously modified on the law and the facts to provide for judgment absolute for the plaintiff, and immediate payment thereon or execution therefor in the sum of $11,276.25 (the $1,000 settlement is not included in this computation), with interest thereon computed from the dates defendant withheld payment to plaintiff of profits or return of the plaintiff's capital from Smithtown, and if the parties cannot agree thereon the computation shall be made at a Special Term of the Supreme Court. Plaintiff is entitled also to a 50%-share of sums received by defendant from the unsold Smithtown lots and to an accounting thereon at the termination of the venture, and the judgment is modified accordingly. This disposition is without prejudice to any separate action defendant may institute to establish his claim of a continued joint venture in Brightwaters and the right to contribution by plaintiff toward losses sustained in the venture. As so modified the judgment appealed from is affirmed, with $50 costs to appellant. Settle order on notice.