FRANCES E. COLE, Appellant, *v.* JAY M. COLE, Respondent.

*It seems* where A. and wife conveyed to B. certain premises owned by A. by deed absolute on its face, containing a covenant on the part of the grantee to assume and pay certain incumbrances on the premises, but which deed was, in fact, given simply as security for debts owing by A. to B., and B. thereafter, without having paid the incumbrances, conveyed the premises by quit-claim to A.'s wife upon her agreement to pay the indebtedness of A. and without other consideration; and subsequently upon foreclosure of one of the prior incumbrances B. became the purchaser, that he did not thereby become liable to the wife for the amount of the prior incumbrances; that as B.'s deed was simply a mortgage, and the covenant to pay the incumbrances, only an agreement to make further advances on the security of the land, and having released his mortgage by deed to one of the mortgagors, and so released the consideration for the covenant and the security which supported it, said mortgagor had no right of action upon the covenant.

*Wadsworth* v. *Lyon* (93 N. Y. 201) distinguished.

(Submitted June 4, 1888; decided June 19, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of January, 1886, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial without a jury.

The following is the opinion :

"The complaint in this case alleged an agreement of purchase and sale of real estate, the plaintiff being vendor and the defendant vendee ; and asked a recovery of the balance of the price over and above outstanding incumbrances. Upon the foreclosure of one of these defendant obtained the title and went into possession, the plaintiff alleging that this was done pursuant to the contract between the parties. The defendant refused to pay and this action was brought to enforce the contract and make the purchase-money an equitable lien on the land. The action was successfully defended ; the Special Term finding, as a fact, that no contract was made between the parties and that the allegations of the complaint stood wholly unproved. Each party testified on the trial and flatly contradicted each other as to the fact or falsehood of a bargain. The extrinsic circumstances turned the scale in the judgment

of the court and led to a dismissal of the complaint which the General Term has affirmed. Of course that leaves open no question for our consideration, and no more would need to be said but for a view of the facts taken by the appellant which seeks to substitute a new cause of action and justify even a larger recovery than that claimed.

" Richard Cole, the plaintiff's husband, originally owned the farm, but had mortgaged it for about $8,500. In addition he had borrowed of the defendant about $1.700, and the latter had become liable as indorser for something over $2,000 more which Richard Cole had borrowed of other parties. In this condition of affairs Richard and his wife, who valued the farm at about $13,000, conveyed it to the defendant, who, by a covenant in the deed, assumed and agreed to pay the outstanding incumbrances. But this deed, though absolute on its face, was, in reality, but a mortgage, and was held by the defendant beyond the prior incumbrances as security for the debt of Richard to him. After a time, and without paying the prior liens, the defendant, by a quit-claim deed, conveyed the farm to Richard's wife, the present plaintiff, upon her agreement to pay to the defendant the debt due him from Richard. Beyond this promise the plaintiff paid nothing to the defendant, and the quit-claim deed to her amounted only to an assignment or release of the defendant's mortgage, taking the wife's simple promise to pay in place of the security. Thereafter, on a foreclosure of one of the prior mortgages, the defendant became purchaser, and holds the referee's deed and the possession.

" Upon these facts · it is now argued that the defendant is liable to the plaintiff for the amount of the prior incumbrances, because he became liable upon his covenant of assumption to the mortgagees, and by his purchase under their foreclosure has taken the land of the plaintiff to pay his own debt for which that land stood only charged as surety for the performance of his obligation. This contention involves a very serious misunderstanding and misapplication of the authorities and a result in no respect equitable or just. The defendant never became liable to any one as primary debtor

for the sums due the mortgagees. If the grant to him had been absolute so that the grantors parted with their title and put into his hands the means with which to pay the debt, and he had thereupon covenanted to discharge it, he might have become liable on that covenant to the mortgagees and made himself the primary debtor. (*Lawrence* v. *Fox*, 20 N. Y. 268.) But the grant was not absolute. The deed was simply a mortgage and the covenant of assumption an agreement to make further advances upon the security of the land for the payment of the mortgagor's debt. (*Garnsey* v. *Rogers*, 47 N. Y. 233 ; *Pardee* v. *Treat*, 82 id. 385.) If the defendant made the advances, the debt of the land and of the mortgagor would remain, the creditor only having been changed, and if he did not make them his liability would be to the mortgagor only and entirely personal in its character. He did not make them. On the contrary, he released his mortgage by the deed to one of the mortgagor's upon the sole consideration of her personal covenant to pay his debt. She has no right of action upon his covenant to make advances, for he has released to her the consideration and security which supported it.

" *Wadsworth* v. *Lyon* (93 N. Y. 201), has no sort of application to the present facts. If there was adequate foundation for the claim made, it would still be a sufficient answer that no trace of it is to be found in the complaint.

" The judgment should be affirmed, with costs."

*H. H. Woodward* for appellant.

*J. A. Stull* for respondent.

Finch, J., reads for affirmance.
All concur.
Judgment affirmed.