ERIE COUNTY SAVINGS BANK, Appellant, *v.* CASPER SCHUSTER et al., Respondents, Impleaded with Others.

REAL PROPERTY — TAX TITLE PARAMOUNT TO LIEN OF PRIOR MORTGAGE — OWNER NOT A PROPER PARTY IN FORECLOSURE ACTION.    A title resting upon a sale of land for taxes regularly conducted is paramount to the lien of a prior mortgage, and those in possession under such title are not proper parties in an action for the foreclosure of the mortgage, since they cannot be required to defend their title in an equitable action, but are entitled to have their rights passed upon by a jury in a court of law.

*Erie Co. Savings Bank* v. *Schuster,* 107 App. Div. 46, affirmed.

(Argued December 18, 1906; decided January 8, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 12, 1905, reversing a judgment in favor of plaintiff

entered upon a decision of the court on trial at an Equity Term and directing a dismissal of the complaint as to the respondents herein.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Adelbert Moot, Henry W. Sprague* and *William M. Wheeler* for appellant. Under the conceded facts of this case the heirs of Barbara Schuster have no interest in the mortgaged premises, growing out of her purchase from the state of its interests, if any, acquired by the sale by the comptroller, for unpaid taxes. Their claim is based entirely upon the certificate of purchase which does not purport to confer a title or right to possession upon them, and any interest that may have been acquired thereunder has been forfeited by their default in the payment of the balance of the purchase price. (*Candee* v. *Heywood,* 37 N. Y. 653; *Williams* v. *Haddock,* 145 N. Y. 144.) Being in possession of the mortgaged premises the Schusters were proper and necessary parties defendant in the foreclosure action, and the trial court did not err in refusing to dismiss the complaint as to them. (1 Wiltsie on Mort. 185; *Welsh* v. *Schoen,* 59 Hun, 356; *Ruyter* v. *Reid,* 121 N. Y. 498; *Hirsch* v. *Livingston,* 3 Hun, 9; *E. L. Assur. Co.* v. *Bostwick,* 100 N. Y. 628; *Phelan* v. *Brady,* 119 N. Y. 587; *Pope* v. *Allen,* 90 N. Y. 298; *Holland* v. *Brown,* 140 N. Y. 344; *Sidenberg* v. *Ely,* 90 N. Y. 357; *Burnett* v. *Austin,* 81 N. Y. 308; *Tilyou* v. *Reynolds,* 108 N. Y. 558.)

*Edward R. Bosley, Norris Morey, Eugene V. Chamberlain* and *Robert Girvin* for respondents. The title of the state of New York under the comptroller's deed is *prima facie* paramount and adverse to the title of the mortgagor and mortgagee, and, therefore, the trial court erred in not dismissing the complaint in this foreclosure action as to the respondents Schuster, as they claim under a purchase of that title, and its validity could not be tested here. (*Jacobie* v.

*Mickle,* 144 N. Y. 237; *Merchants' Bank* v. *Thomson,* 55 N. Y. 11; *Oliphant* v. *Burns,* 146 N. Y. 218, 242; *Nelson* v. *Brown,* 144 N. Y. 384, 389; *Holcomb* v. *Holcomb,* 2 Barb. 20; *Frost* v. *Koon,* 30 N. Y. 428, 446; *Rathbone* v. *Hooney,* 58 N. Y. 463.) The title acquired by the state of New York, if valid, is absolute and independent of the title of the mortgagor and mortgagee, and paramount thereto in character. (*O'Donnell* v. *McIntyre,* 118 N. Y. 156; *Chard* v. *Holt,* 136 N. Y. 30; *Cromwell* v. *McLean,* 123 N. Y. 474; *Oliphant* v. *Burns,* 146 N. Y. 218; *Ostrander* v. *Darling,* 127 N. Y. 79.) The respondents Schuster claim under the paramount title of the state of New York by virtue of the purchase by Barbara Schuster in the year 1888 of all the state's interest in the property as evidenced by the certificate thereof, and the trial court erred in denying their motion to dismiss the complaint, in finding that their interest was inferior to the lien of the mortgage and in cutting off by foreclosure judgment their right, title and interest in the property. (2 Wigmore on Ev. §§ 1779, 2515; *Bradshaw* v. *Ashley,* 180 U. S. 59; *Thomson* v. *Smith,* 63 N. Y. 301; *Merchants' Bank* v. *Thomson,* 55 N. Y. 11; *E. I. Sav. Bank* v. *Goldman,* 75 N. Y. 127; *F. L. & T. Co.* v. *S. D. S. C. Co.,* 40 Fed. Rep. 105; *Gannon* v. *McQuin,* 160 N. Y. 476.)

O'BRIEN, J. This was an action for the foreclosure of a mortgage. Several persons were made defendants who have not appeared and judgment went against them by default. The defendants, the Schusters, however, appeared and answered, and the question involved in the case arises between these defendants and the plaintiff. The complaint contains the usual allegations in foreclosure cases. It alleges that the Schusters were in possession of the premises and claimed under some right or title inferior and subordinate to the lien of the mortgage and the usual relief in foreclosure cases was demanded against them, that is, that they be barred and foreclosed from all right, title and interest in the mortgaged premises. The Schusters, in their several answers, denied the

allegation of the complaint that they claimed under a title subordinate to the lien of the mortgage, and they alleged that they were in possession under a deed executed by the proper authorities upon a sale of the land for taxes that were levied subsequently to the mortgage in question.

At the opening of the trial the answering defendants requested the court to dismiss the complaint as to them, since it appeared from the pleadings that they claimed under a title paramount to the lien of the plaintiff's mortgage. The court denied their motion and proceeded to take proof as to the nature of the defendants' claim of title. When the proofs were closed it appeared that the lands covered by the mortgage had been sold for taxes levied subsequent to the execution of the mortgage, and that they were bid in by the state and were afterwards sold by the commissioners of the land office to the defendants. The defendants again requested the court to dismiss the complaint as to them, since it now appeared that their title was paramount to that of the plaintiff. The motion was denied and the defendants excepted. The trial court found the facts here stated and other facts as to the execution of the plaintiff's mortgage and the amount due thereon, and he directed that the defendants, including the Schusters, should be forever barred and foreclosed from any right, title and interest in the property. There was an exception to this finding.

The answering defendants appealed from the judgment to the Appellate Division and the decision of the trial court was there reversed and the complaint dismissed as to them and the plaintiff has appealed to this court. We think that the judgment is correct. The appeal of the plaintiff presents but two questions of law, and in the opinion of the learned court below these questions are fully discussed and the conclusion is fully sustained by the cases in this state. Both questions are quite familiar, and it is unnecessary to refer to the authorities upon which the conclusion is based. There can be no doubt that a title resting upon a sale of land for taxes regularly conducted is paramount to the lien of a prior mortgage.

The owner of such a mortgage has the statutory right of redemption upon giving notice to the public authorities as to his right and title, but it is unnecessary to discuss the proceedings to be followed in such a case, since it is not claimed that the plaintiff complied with the statute or is in an attitude seeking to redeem. The plaintiff simply insists that the lien of its mortgage is prior and superior to the title acquired by the tax sale. Upon that proposition the plaintiff rests its whole contention, and its position in this respect is obviously untenable.

It is equally clear that the defendants in this case, who were in possession under the tax title, were not proper parties to the action. Their title and possession cannot be assailed in an action to foreclose a mortgage, since they are entitled to defend their claim in a court of law in the usual way in which actions for the recovery of real property are tried. The defendants cannot be required to defend their title in an equitable action like this, but are entitled to have their rights passed upon by a jury in a court of law. It follows that the defendants had the right to object to have their title tried in this action, since it was not upon its face subordinate to the lien of the mortgage.

The judgment appealed from is right and should be affirmed, with costs.

Cullen, Ch. J., Gray, Edward T. Bartlett, Werner and Chase, JJ., concur; Hiscock, J., not sitting.

Judgment affirmed.