GEORGE M. NEWTON, as Administrator of the Estate of ELIZABETH NEWTON, Deceased, Respondent, *v.* JESSE EVERS et al., Defendants, and JOHN H. KRUSE, Individually and as Administrator of HELENE KRUSE, Deceased, et al., Appellants.

Real property — foreclosure of mortgage — unauthorized conveyance by committee of incompetent may be ratified by incompetent on regaining sanity — covenant of assumption of mortgage in deed — title — when claim of title adverse to mortgage may be tried in foreclosure action — practice.

1. While the deed of a committee made without authority from the court, which reconveys to the vendor property purchased by his incompetent, is unauthorized and void, it is not void in the sense that it cannot be adopted and ratified by the incompetent if he recovers his understanding. Accordingly, when an incompetent, on recovering his sanity and when he is chargeable with full

knowledge of his committee's acts, takes back the entire consideration which he had paid, he thereby ratifies and confirms the reconveyance made in his behalf.

2. A contention by subsequent grantees of the original vendor in such case, that, owing to the invalidity of the deed of reconveyance to him, their deed was invalid and that, therefore, they are not bound by a clause therein, whereby they assumed a mortgage on the premises which is now sought to be foreclosed, cannot be upheld, since their title under their deed was made perfect by the confirmation by the incompetent of his committee's reconveyance.

3. A further contention that such grantees are not bound by their covenant of assumption because the conveyance to them was in legal effect only an assignment of a mortgage upon the land, and that a covenant in an assignment of a mortgage to pay a prior incumbrance on the same land creates only a liability to the assignor of the mortgage, and not a liability to the holder of the prior incumbrance, cannot be upheld. An examination of the facts shows that the case comes within the rule which controls where a covenant of assumption is contained in a deed of conveyance, and not where it is contained in a mortgage.

4. A motion by a defendant, the owner of the equity of redemption, for a dismissal of the complaint upon the ground that her claim of title adverse and superior to the plaintiff's mortgage, could not be tried in this action of foreclosure, and that she was entitled to a trial thereof by jury, was properly denied. The action was in equity and the court could adapt its relief to the exigencies of the case. If the defendant desired, and had the right to a jury trial upon any issue presented, she should have made a proper application therefor to the court; or, if she did not wish to litigate her claim of title in this action, she should have asked the court to declare the same unaffected by the judgment rendered.

*Newton* v. *Kruse*, 161 App. Div. 811, affirmed.

(Argued March 15, 1915; decided June 1, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 18, 1914, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The action is in foreclosure. The findings show that in 1884 one Nelson Woodward was the owner of a farm in

Erie county, which, on September 17th of that year, he conveyed to William H. Blakely for $1,500, $500 being paid in cash and $1,000 secured by a mortgage on the farm. About a year later Blakely was adjudged insane by the Supreme Court, and was declared to have been insane at the time of the purchase from Woodward, and for two years prior thereto, and one Vellum was appointed committee of his person and estate.

The order adjudging Blakely insane, and appointing the committee, was made September 24, 1885. Prior to that date, and on September 12, 1885, Vellum, in an attempt, as the findings say, " to undo all that had been done in the foregoing real estate transaction between Woodward and Blakely," made a quitclaim deed of the farm to Woodward, and Woodward satisfied the mortgage which he had taken from Blakely, and executed to the committee a mortgage for $500, the amount of cash received from Blakely. This deed was made by Vellum without any authority whatsoever from the court, or from any other source.

Woodward, after the reconveyance to him, sold the farm to Kinner, who conveyed the same to the defendant Jesse Evers, and took back from Evers a mortgage of $1,500 to secure a part of the purchase price, which mortgage is the obligation sought to be foreclosed in this action. Evers conveyed the farm to the defendant McKenzie subject to the mortgage of $1,500 by deed containing a covenant on the part of the grantee to assume and pay the mortgage.

McKenzie made an agreement to sell the property to one Hartman, who took possession of the premises under this contract. McKenzie then conveyed the property to the defendants John Henry Kruse and Helena Kruse, his wife, subject to the contract of sale with Hartman, which the grantees assumed and agreed to carry out, and also subject to the mortgage to Kinner, which the grantees assumed and agreed to pay as part of the purchase price.

Kruse and his wife conveyed to Drefs & Cook, who, on August 17, 1889, made a deed of the farm without covenants of title, and without consideration, to the defendant Julia E. Ferguson, wife of Frank C. Ferguson.

In April, 1891, proceedings were taken by Blakely to have himself declared sane and his property restored to him, and to obtain an accounting by his committee, Vellum. An order directing such accounting was made April 28, 1891, and an accounting was had which showed that the committee was chargeable with about $700, made up largely of the proceeds of the mortgage taken on the reconveyance of the land to Woodward. By a further order of the court made June 3, 1891, the committee was directed after deducting certain expenses to pay the amount remaining in his hands to Blakely or to his attorneys, Ford & Ferguson.

While the proceedings on the committee's accounting were pending Frank C. Ferguson took from Blakely a quitclaim deed for a nominal consideration, purporting to convey the farm to the defendant Julia E. Ferguson, the grantee in the deed aforesaid from Drefs & Cook. This deed from Blakely to Julia E. Ferguson was dated May 4, 1891, acknowledged in California May 15, 1891, and recorded in Erie county, New York, June 26, 1891.

The court further found that Frank C. Ferguson, who was a member of the firm of Ford & Ferguson, conducted the proceeding to have Blakely declared again sane, and his property restored to him, and that he had full knowledge of the facts concerning the plaintiff's mortgage, and of the defect in the deed from Vellum to Woodward, and of the facts found relating thereto; that he was at all times acting for his wife, the defendant Julia E. Ferguson, and that she is chargeable with knowledge of such facts.

*Alfred L. Becker* for John H. Kruse, individually and as administrator, appellant. The defendants Kruse are

not estopped by taking the warranty deed from defendant McKenzie containing the assumption clause. (*Bumpus* v. *Platner*, 1 Johns. Ch. 213; *Denston* v. *Morris*, 2 Edw. Ch. 43; *Edwards* v. *Bodine*, 26 Wend. 109; *Taylor* v. *Young*, 35 Am. Dec. 116; *Rice* v. *Goddard*, 14 Pick. 293; *Benedict* v. *Hunt*, 32 Iowa, 27; *Frisbie* v. *Hoffnagle*, 11 Johns. 50; *Smith* v. *Newton*, 38 Ill. 230; *Tibbets* v. *Ayer*, 1 Lalor, 174; *Kirtz* v. *Peck*, 113 N. Y. 230.) The conveyance from McKenzie to the defendants Kruse was not a deed, but a mortgage. (*Titcomb* v. *F., J. & G. R. R. Co.*, 39 Misc. Rep. 630; *Wagstaff* v. *Marcy*, 25 Misc. Rep. 121; *Moore* v. *Barrows*, 34 Barb. 173; *Adams* v. *Green*, 34 Barb. 176; *Ferry* v. *Stevens*, 66 N. Y. 321; *Van Vleck* v. *Enos*, 88 Hun, 348; *Means* v. *Kearney*, 1 Abb. [N. C.] 303; *McBerney* v. *Williams*, 42 Barb. 390; *Carr* v. *Carr*, 52 N. Y. 251; *Horn* v. *Keteltas*, 46 N. Y. 605.) Assumption of payment of a prior mortgage on the premises does not impose a personal liability on the second mortgagee in favor of the prior mortgagee. (*Pardee* v. *Treat*, 82 N. Y. 385; *Root* v. *Wright*, 84 N. Y. 72; *Campbell* v. *Smith*, 71 N. Y. 26; *Van Vleck* v. *Enos*, 88 Hun, 356; *Flag* v. *Manning*, 2 Sumn. 486.)

*Frank C. Ferguson* and *William J. Magavern* for Julia E. Ferguson, appellant. The trial court had no jurisdiction to try in this foreclosure action against Mrs. Ferguson's protest, the question of the validity of her title, she being in the undisputed possession of the property, holding the same adversely to the title through which the plaintiff claims. (*Tax Lien Co.* v. *Schultze*, 213 N. Y. 9; *E. C. Savings Bank* v. *Schuster*, 187 N. Y. 111; *Merchants Bank* v. *Thompson*, 55 N. Y. 7; *Eagle Fire Ins. Co.* v. *Lent*, 6 Paige, 637; *Holcomb* v. *Holcomb*, 2 Barb. 20; Thomas on Mortgages [2d ed.], § 751; *Lewis* v. *Smith*, 5 Seld. 502; Code Civ. Pro. § 1632.) The deed executed by John Vellum to Nelson Woodward, dated September 16, 1885, being the deed through which

plaintiff claims, is absolutely void. (*People ex rel. Smith* v. *Comrs. of Taxes, etc.,* 100 N. Y. 215; *Beverly's Case,* 4 Coke, 123; *Lane & Gros* v. *Schermerhorn,* 1 Hill, 97; *McKillip* v. *McKillip,* 8 Barb. 552; *Matter of Application of Otis,* 101 N. Y. 580; *Scribner* v. *Young,* 111 App. Div. 814; *Kent* v. *West,* 33 App. Div. 112; *Reals* v. *Weston,* 28 Misc. Rep. 67.) The quitclaim deed to Mrs. Ferguson from Drefs and Cook does not impair the validity of her superior title from Blakely. (*Averill* v. *Wilson,* 4 Barb. 180; *Osterhaut* v. *Shoemaker,* 3 Hill, 518; *Grant* v. *Cary,* 15 Wkly. Dig. 410.)

*J. L. Hurlbert* for respondent. The defendants are estopped from asserting the invalidity of the title in Evers, for the purpose of avoiding the mortgage in suit. (*Parkinson* v. *Sherman,* 74 N. Y. 88; *Sweetland* v. *Buell,* 164 N. Y. 541; *Mygatt* v. *Coe,* 147 N. Y. 456; Bigelow on Estoppel [5th ed.], ch. 8.) The appellant Julia E. Ferguson is estopped from asserting her subsequent title received from Blakely. (Pom. Eq. Juris. [ed. 1882] § 813.) When Blakely became sane and was restored to his property, he having received back the consideration which he originally paid Woodward for a title and his committee having taken for him a satisfaction of the obligation (mortgage) which he gave to secure $1,000 of the purchase money, and the committee having also attempted a reconveyance which was technically void, for the purpose of undoing the entire transaction between Woodward and Blakely, equity would compel Blakely, surely, to reconvey to Woodward in support of the title which subsequently went out of Woodward on which this mortgage rests; because in good conscience that ought to be done by Blakely. (Pom. Eq. Juris. §§ 363, 377; *M. L. Ins. Co.* v. *Hunt,* 79 N. Y. 541; *Lounsbury* v. *Purdy,* 18 N. Y. 515; *Carr* v. *Carr,* 52 N. Y. 251; *Roulston* v. *Roulston,* 64 N. Y. 652; *Brown* v. *Cherry,* 57 N. Y. 644; *Swineburne* v. *Swineburne,* 28 N. Y. 568; *Van Horn* v.

*Fonda,* 5 Johns. Ch. 388; *Reitz* v. *Reitz,* 80 N. Y. 538.)
A party assuming the payment of a mortgage on land to
which he takes the title, is estopped from asserting the
failure of a title to defeat the bond and mortgage in suit.
(*Remington & Son Pulp & Paper Company* v. *Caswell,*
126 App. Div. 150; *Cottle* v. *County of Erie,* 57 App.
Div. 449; 173 N. Y. 591; *Walrath* v. *Abbott,* 75 Hun,
445; 92 Hun, 566; *Gifford* v. *Father Mathew's Soc.,*
104 N. Y. 139; *Wells* v. *Sanford,* 4 Sandf. Ch. 337;
*Thayer* v. *Marsh,* 11 Hun, 501; *Peabody* v. *Kent,* 213
N. Y. 154.)

CUDDEBACK, J.   The controversy in this case is in the
first place between the plaintiff and the defendant Julia
E. Ferguson over the validity of the plaintiff's mortgage,
and in the second place between the plaintiff and the
defendants Kruse and wife over the assumption of the
mortgage by those defendants in the deed of the farm to
them.

The defendants argue that the deed from the commit-
tee, Vellum, reconveying the farm to Woodward was
unauthorized and wholly void.   But the transaction was
not criminal or corrupt or opposed to public policy.   On
the contrary, the reconveyance to Woodward was made
in an attempt to undo all that had been done by Blakely's
purchase of the land at a time when he was incompetent
to manage his affairs.   The deed, therefore, was not void
in the sense that it could not be adopted and ratified by
the incompetent if he recovered his understanding.   It
was void because it was beyond the power of Vellum to
make it.

The law is that where one person, without any author-
ity whatsoever, undertakes to deal with the property of
another person, such other person on learning the facts
of the case may at pleasure, either adopt and ratify or
repudiate what has been done.   (*Town of Ansonia* v
*Cooper,* 64 Conn. 536; 66 Conn. 184; *Drakely* v. *Gregy.*

75 U. S. 242; *Eckford* v. *De Kay,* 8 Paige, 89; *Green* v. *Green,* 69 N. Y. 553; *Blinn* v. *Schwarz,* 177 N. Y. 252.) Accordingly, when Blakely on recovering his sanity, and when he was chargeable with full knowledge of Vellum's acts, took back the entire consideration which he had paid to Woodward, he thereby ratified and confirmed the reconveyance to Woodward made in his behalf by Vellum.

The defendants further contend that Blakely did not confirm the deed from Vellum to Woodward by taking back the consideration that he had paid to the latter, because prior thereto he had conveyed the farm to the defendant Mrs. Ferguson. Blakely's deed to Mrs. Ferguson was dated May 4, and acknowledged May 15, 1891, and the order directing the payment of the money in the hands of the committee to Blakely or his attorneys, was not made until June 3, 1891, and so the money must have been received by Blakely after that date.

The transaction, I think, appears plain enough from the findings. Mr. Ferguson was conducting the proceedings on behalf of Blakely to be declared sane again, and to have his property restored to him, and he was also acting for his wife, Julia E. Ferguson, in getting a deed from Blakely to perfect the title to the farm, which she had obtained the year before by the deed from Drefs & Cook. The two matters proceeded together and constituted one transaction. The fact, which was perhaps to be expected, that Blakely delivered the deed before he got the money, is not very material. The findings justify the conclusion of the court that the defendant Julia E. Ferguson holds her title subject to the lien of the plaintiff's mortgage.

The conclusion that Blakely adopted and ratified the reconveyance to Woodward also disposes in a large measure of the defense made by the defendants Kruse and wife that they are not bound by the clause in their deed assuming the plaintiff's mortgage.

Counsel for the defendants Kruse and wife proceeds

upon two theories. The first is that the defendants never got title to the farm by the deed from McKenzie, because McKenzie had no title to give, and that they never got possession of the farm because it was occupied by Hartman under the contract of sale. Therefore, they argue that the consideration for their covenant assuming the mortgage failed, and they rely on the cases which hold that where a grantee has by his deed assumed payment of a mortgage upon the lands conveyed, though he is liable on his covenant so long as he remains in possession, yet if he is evicted by title paramount, or cannot obtain possession, the consideration for the assumption of the mortgage fails and the grantee is relieved from liability. (*Dunning* v. *Leavitt*, 85 N. Y. 30; *Edwards* v. *Bodine*, 26 Wend. 109.)

The cases cited are not applicable, because the defendants' title under the deed from McKenzie was made perfect by Blakely's confirmation of Vellum's reconveyance to Woodward. That confirmation was complete in 1891, so that it cannot be said in this action, brought in the year 1909, that the title which the Kruses received from McKenzie had failed. Those defendants also got such possession as they bargained for, which was a possession subject to the performance of the contract of sale by Hartman. Hence there was no failure of consideration for their covenant of assumption.

The second theory advanced on behalf of the defendants Kruse and wife is that the conveyance to them by McKenzie was in legal effect only an assignment of a mortgage upon the land, and that a covenant in an assignment of a mortgage to pay a prior incumbrance on the same land creates only a liability to the assignor of the mortgage, and not a liability to the holder of the prior incumbrance. (*Garnsey* v. *Rogers*, 47 N. Y. 233; *Pardee* v. *Treat*, 82 N. Y. 385; *Cole* v. *Cole*, 110 N. Y. 630.) The counsel's contention is that McKenzie, after the contract with Hartman, became a trustee of the property, holding the

legal title for Hartman, and had only a lien for the purchase money on the land agreed to be sold, which, in some cases, has been likened to a mortgage. (*Williams* v. *Haddock,* 145 N. Y. 144.)

The doctrine of the decisions referred to does not control. In the case of a deed which contains a covenant on the part of the grantee to assume and pay a mortgage "the amount due upon the mortgage was reserved out of the purchase money and left in the hands of the purchaser, upon his agreement with the vendor to apply it to the payment of the mortgage debt. The purchaser was bound to pay the whole price, but by this agreement a portion of it was set apart for the use of the mortgagee, and the purchaser undertook to pay it to the mortgagee, and no one else. No other person was entitled to receive it. That arrangement was regarded as a contract made for the benefit of the mortgagee, and it was held that he could enforce it. * * * Regarding the conveyance as a mortgage, the stipulation was in effect to advance (money) to the promisee on the security of the property, to discharge prior liens, and was made for the benefit of the promisee only." (*Garnsey* v. *Rogers, supra,* p. 241.) The covenant of assumption contained in a mortgage is "an agreement to make further advances upon the security of the land for the payment of the mortgagor's debt. * * * If the defendant makes the advances, the debt of the land and of the mortgagor would remain, the creditor only having been changed, and if he did not make them his liability would be to the mortgagor only and entirely personal in its character." (*Cole* v. *Cole, supra,* p. 632.)

In the contract of sale between McKenzie and Hartman, McKenzie agreed to take care of and provide for and see to it that the mortgage on the property to be conveyed was not foreclosed, and to keep Hartman protected in all things therefrom. In McKenzie's deed to Kruse and wife, the grantees agreed to carry out each

and every of the conditions assumed by McKenzie in the contract with Hartman. They also assumed and agreed to pay the mortgage to Evers on the land conveyed. By this arrangement, Kruse and his wife became the principal debtors; and they were to receive the avails of the contract of sale for the purpose of paying the mortgage and meeting their covenant of assumption. The case, therefore, comes within the rule · which controls where a covenant of assumption is contained in a deed of conveyance, and not where it is contained in a mortgage. It was the ordinary case of a covenant by the grantee in a deed to assume and pay an outstanding mortgage upon the lands conveyed, as part of the purchase price therefor.

Counsel for the defendant Julia E. Ferguson further objects that her claim of title, adverse and superior to the plaintiff's mortgage, could not be tried in this action of foreclosure, and that she was entitled to a trial thereof by jury. She moved for a dismissal of the complaint upon that ground, which was denied, and to that ruling she excepted. (*Lembeck & Betz Eagle Brewing Co.* v. *Sexton*, 184 N. Y. 185.)

The defendant Julia E. Ferguson was the owner of the equity of redemption under her deed from Drefs & Cook in the chain of title which included the plaintiff's mortgage. She was a necessary party to any action brought to foreclose that mortgage, and without her presence the action could not proceed. The plaintiff did not in his complaint attack her title under the deed from Blakely. That issue was injected into the case by the defendant's answer, and her proof on the trial, and she cannot complain because the court proceeded to hear and determine the issue.

In any event, therefore, the defendant was not entitled to have her motion to dismiss the complaint allowed, which was the only thing she asked for. The action was in equity, and the court could adapt its relief to the exigencies of the case (*Dudley* v. *Congregation, etc., of St.*

*Francis,* 138 N. Y. 451); and if the defendant desired, and had the right to, a jury trial upon any issue presented, she should have made a proper application therefor to the court; or, if she did not wish to litigate her claim of title under the Blakely deed in this action, she should have asked the court to declare the same unaffected by the judgment rendered. (*Lewis* v. *Smith,* 9 N. Y. 502; *Jacobie* v. *Mickle,* 144 N. Y. 237.)

I recommend that the judgment be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, MILLER, CARDOZO and SEABURY, JJ., concur; COLLIN, J., dissents. ·

Judgment affirmed.