MABEL F. STEVENS, Respondent, *v.* PETER J. BREEN and Others, Defendants, Impleaded with FREEPORT POINT SHIPYARD, INC., Appellant.

Second Department, January 15, 1940.

*John S. Russell* [*Richard P. Charles* with him on the brief], for the appellant.

*Edward J. Crowe*, for the respondent.

JOHNSTON, J.   This is an action to foreclose a mortgage.   The facts may be briefly stated.

The Rockybrook Corporation owned a large tract of shore front in the village of Freeport, Nassau county, and on June 17, 1931, it conveyed the property to Henry A. Stevens.   On December 15, 1931, Stevens conveyed the property to Peter J. Breen.   On the same day Breen, as part of the purchase price, executed and delivered to Stevens a purchase-money bond and mortgage for $30,000, maturing on December 15, 1934, and bearing interest at six per cent, payable semi-annually.   Stevens, also on the same day, assigned the bond and mortgage to plaintiff.   The two deeds, the mortgage and the assignment just referred to, were not recorded until February 23, 1939.   The following day plaintiff commenced this action to foreclose the mortgage, based on Breen's default in the payment of taxes since 1931, and in the payment of interest since 1932.

In 1933 the county treasurer of Nassau county sold the property to the county for the unpaid 1931 taxes; and on September 22, 1937, the county treasurer delivered a deed to the county which was recorded on March 26, 1938.   After the delivery of this deed the Freeport Point Shipyard, Inc., hereafter called the defendant, purchased from the county for $3,252.14 the tax title which it had thus acquired and the tax liens which it possessed for the unpaid taxes that had accrued since 1931.   The county consummated

this sale and purchase by the delivery of a quitclaim deed to defendant on November 16, 1938. Prior thereto and on September 21, 1938, Breen, being in possession and the ostensible owner, for a valuable consideration, by a full covenant and warranty deed, conveyed the property to defendant subject to any taxes unpaid of record and to the rights acquired by the county. This deed was recorded on September 23, 1938. The deed of November 16, 1938, from the county to defendant was recorded on February 11, 1939. Plaintiff's mortgage, as stated, was not recorded until February 23, 1939. Immediately after defendant obtained the deed from Breen on September 21, 1938, it entered into possession and made extensive and valuable improvements.

In this action to foreclose her mortgage, plaintiff joined defendant, alleging that it claims title under its deed from Breen dated September 21, 1938, and that this claim of title is subordinate to her mortgage. Defendant in its answer denies these allegations and pleads three separate defenses: (a) That it obtained title by the deed from the county dated November 16, 1938; (b) that plaintiff is barred from foreclosing the mortgage because in a partition action in which the county was plaintiff and the Rockybrook Corporation — plaintiff's assignor's vendor — was a defendant, a judgment was entered on September 27, 1938, whereby it was decreed that the Rockybrook Corporation had no right, title or interest in the property; and (c) that the validity of defendant's title, acquired as a result of the sale of the property for unpaid taxes, cannot be determined in this action and that the premises, if sold pursuant to a judgment in the instant action, must be sold subject to such title.

The court granted judgment of foreclosure and sale. Defendant contends (1) that the validity of its tax title cannot be determined in a foreclosure action; (2) but assuming that it may and that its title is bad, nevertheless, it obtained title as a result of the judgment in the partition action; and (3) that under the recording act (Real Prop. Law, § 291), plaintiff's mortgage having been recorded subsequent to the deed from Breen to defendant, the mortgage is void as to it.

The rule is well established that the only proper parties to a foreclosure action "are the mortgagee and mortgagor and those who have acquired rights under them subsequent to the mortgage." (*Jacobie* v. *Mickle*, 144 N. Y. 237, 239.) If one having a claim or lien which is superior to the mortgage be made a party his superior right will not be affected by the judgment of foreclosure and sale. (*Merchants' Bank* v. *Thomson*, 55 N. Y. 7; *Jacobie* v. *Mickle*, *supra; Nelson* v. *Brown*, 144 N. Y. 384, 389.)

Obviously, a tax lien and a tax title are superior to the lien of a mortgage. It follows that one claiming under a tax title is not a proper party in an action to foreclose a mortgage and he cannot be required to defend his tax title in such an action. His title and possession can be assailed only in an action at law. (*Erie County Savings Bank* v. *Schuster*, 187 N. Y. 111, 115.) In a foreclosure action the validity of a tax title which is claimed to be paramount cannot be determined if seasonable objection be made. (*Cromwell* v. *MacLean*, 123 N. Y. 474, 481–483.) There are exceptions to this rule, as where the owner of the tax title was guilty of fraud or other conduct which would work an equitable estoppel or where he took his deed subject to the lien of the mortgage. (*Oliphant* v. *Burns*, 146 N. Y. 218, 236–243.) But in the instant case the general rule should be applied.

The difficulty in the present case, however, is that plaintiff did not seek to have the validity of defendant's tax title determined in this foreclosure action. Plaintiff made this defendant a party only because it was the grantee in the deed executed by Breen on September 21, 1938; and plaintiff so alleged in the complaint and then prayed that the right or interest thus acquired by defendant be foreclosed. Defendant, both in its answer and at the trial, expressly denied that it claimed title by virtue of this deed. Therefore, defendant did not need to defend the action. It could have rested on its claim of a superior tax title and asserted it if and when plaintiff instituted an action to recover possession of the property. Defendant, however, instead of waiting until its possession under its tax title was disturbed, took the initiative and itself injected its tax title into this foreclosure action. It pleaded its tax title as a defense and, in reliance thereon, at the end of plaintiff's case and at the end of the whole case it moved to dismiss the complaint. The motion was denied because defendant was a proper party to the action by reason of its deed from Breen. When defendant's first motion was denied it offered proof of its tax title and plaintiff then showed that this title was invalid because of insufficient publication of the notice of the tax sale. Thus, the issue of the validity of defendant's tax title was squarely presented to the court. The court properly held that defendant's tax title was bad because notice of the tax sale, while it was published once a week for six successive weeks, was not continued for a period of forty-two days. Defendant does not question this determination; and it appears to be correct. (*Olds* v. *City of Jamestown*, 280 N. Y. 281.)

Regardless of the validity or invalidity of its tax title, defendant should have taken and adhered to the position that in this action

it refused to litigate the question of its tax title. It should have stated unequivocally that that was its position and it should have asked that the judgment contain a provision that its claim under the tax title is not determined or affected. But under the circumstances defendant by its conduct waived its right to reserve the determination of the validity of its tax title. (*Newton* v. *Evers*, 215 N. Y. 198.)

Defendant offered in evidence the judgment in the partition action, which cut off all the rights of both the Rockybrook Corporation and Breen and of all those claiming under them subsequent to the filing of the *lis pendens* on March 26, 1938. But defendant, both in pleading this judgment and in offering it upon the trial, limited its effect to the Rockybrook Corporation. Thereupon plaintiff proved that in that action the Rockybrook Corporation had not been served with process and, hence, it was not bound by the judgment. Defendant did not dispute the non-service but took the position that in the present action plaintiff could not collaterally attack that judgment. In this defendant was mistaken. The rule is that the " want of jurisdiction to render the particular judgment may always be asserted and raised directly or collaterally, either from an inspection of the record itself when offered in behalf of the party claiming under it, or upon extraneous proof, which is always admissible for that purpose." (*O'Donoghue* v. *Boies*, 159 N. Y. 87, 99. See, also, *Matter of Doey* v. *Howland Co.*, 224 id. 30, 38; *Copperfretti* v. *Shephard*, 241 App. Div. 872; *Mischner* v. *Altman*, 145 id. 251, 254.)

Defendant urges, however, that in any event the judgment remains valid as to Breen, who executed the mortgage in suit and who is in the same chain of title as the Rockybrook Corporation and plaintiff. If the judgment be valid as to Breen, then, defendant argues, by reason of the filing of the *lis pendens* in the partition action the rights acquired by the county as plaintiff in that action and subsequently transferred to defendant by the deed of November 16, 1938, are superior to those arising under plaintiff's mortgage, which was unrecorded at the time of the filing of the *lis pendens* and the entry of the judgment. (Civ. Prac. Act, § 121; *Kestler* v. *Weissenfels*, 247 App. Div. 888, and cases there cited.) But, as already stated, defendant pleaded and proved the judgment only in so far as it affected the Rockybrook Corporation and that corporation, as heretofore shown, was not bound by the judgment. At the trial defendant made no claim that it obtained any rights by virtue of the judgment against Breen. It now asserts such claim on this appeal.

Finally, defendant takes refuge behind the deed from Breen to it, dated September 21, 1938, and recorded September 23, 1938. It urges that if its tax title be adjudged invalid, then its title under this deed must be adjudged valid. Plaintiff offered in evidence a stipulation which recites that defendant paid Breen a valuable consideration for this deed. Therefore, defendant urges that it is a purchaser in good faith and for value and as its conveyance was first recorded, plaintiff's mortgage is void as against it. This is true (*Hood* v. *Webster*, 271 N. Y. 57); but unfortunately defendant also failed to raise this point on the trial.

Despite the fact that on the pleadings and the proof defendant was not entitled to succeed, we cannot overlook these salient facts which stand out clearly: In good faith defendant purchased Breen's title or equity of redemption and paid him a valuable consideration. In good faith defendant likewise purchased from the county for some $3,000 its tax title and tax liens. In good faith defendant immediately took possession and made substantial improvements. The property is now worth between $12,000 and $15,000. Yet, although Breen failed to pay taxes since 1931 and interest since 1932, plaintiff and her assignor sat idly by, refused or neglected to record the mortgage, failed to institute any action on the bond or mortgage, and permitted Breen to remain in possession as the ostensible owner. Now, after defendant has acquired the tax liens and tax title, bought off and dispossessed Breen and made substantial improvements to the property, plaintiff blandly puts the mortgage on record and wants the property free and clear of all of defendant's rights and of all the tax liens.

The result is so harsh and unjust that it shocks the conscience of the court and, therefore, in the interest of justice the judgment should be reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event.

For the purpose of a new trial all findings of fact are reversed and conclusions of law disapproved.

LAZANSKY, P. J., CARSWELL, ADEL and CLOSE, JJ., concur.

Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event.

For the purpose of the new trial all findings of fact are reversed and conclusions of law disapproved.