OPINION OF THE COURT
Stanley B. Katz, J.
The plaintiff has moved for summary judgment and other relief.
On October 29, 1984, defendant Edmon Alston and defendant Alberta Alston executed two retail installment obligations in the amounts of $12,000 and $18,000 for the purpose of improving their home. In order to finance the improvements, the defendants executed two mortgages on their home to Northeastern Holding Co., Inc. The plaintiff, the eventual assignee of these mortgages, alleges that the defendants have *541 defaulted on their monthly payments from June 1988. The plaintiff has elected to accelerate the amount due under the mortgages and to foreclose.
The defendants have resisted the entry of summary judgment on the ground that necessary parties are allegedly absent. The defendants have contended that the eight children of defendant Edmon Alston and his former wife are necessary parties because they inherited part of the property after the former wife died. There in no merit in this contention. First, RPAPL 1311 provides that necessary defendants are those "whose interests is claimed to be subject and subordinate to the plaintiff’s lien”. The eight children received their alleged interest upon the death of the former wife, which was prior in time to the execution of the mortgages. If the children have an interest in the subject premises, it is superior, not subordinate, to the plaintiff’s interest. Second, "[t]he rule is well established that the only proper parties to a foreclosure action 'are the mortgagee and mortgagor and those who have acquired rights under them subsequent to the mortgage.’ ” (Stevens v Breen, 258 App Div 423, 425, affd 283 NY 196, quoting Jacobie v Mickle, 144 NY 237, 239.) Third, questions of adverse title are generally not determined within a mortgage foreclosure action. (Stevens v Breen, supra; 78 NY Jur 2d, Mortgages, § 608.) "As a general rule, a person setting up a claim of title to the mortgaged premises adverse and paramount to that of the mortgagor, and not derived from him, is not a proper party to the foreclosure suit, as he has no interest in the subject matter of the action”. (59 CJS, Mortgages, § 627 [b].)
Accordingly, that branch of the motion which is for summary judgment is granted. That branch of the motion which is for the appointment of a Referee to compute the amount due on the mortgage, etc., is also granted.
Settle order.